Bissell, J.
In the original suit begun by Mrs. Ruffenach to obtain a divorce from her husband, which was referred to in the preceding opinion, she joined as a defendant Rosalinda Ruffenach, Anton’s daughter. According to the averments of the bill other than those which charged the marriage of the parties and the conduct of the defendant’s husband which entitled the plaintiff to relief, she charged that by the joint labors of herself and husband they acquired certain property of the value of about $4,000. The plaintiff also averred that the defendant owned coal lands supposed to be very valuable, subject, however, to an incumbrance, and some lots in a little town in Boulder county. She also set up that Ruffenach had money in the bank which was in his daughter’s name. The plaintiff then charged that Anton had entered into a conspiracy with Rosalinda to defraud the plaintiff out of any alimony, and on the 25th of March, 1896, prior to the commencement of the suit, he conveyed by warranty deed all his property, both real and personal, to Rosalinda. She charged that this was done for the purpose of defrauding her of alimony, and she sought to make the judgment which she might recover a lien on the property which had been conveyed to Rosalinda. She averred that the conveyance was without any consideration, wholly voluntary, and therefore as against this decree totally void. On the trial the plaintiff sustained her case and had a decree. With reference to the conveyance of the property she seemed to largely rely on the fact that its voluntary character was undenied. We regard this as true. The defendant took issue on the averments of conspiracy, but he in no manner and in no way denied the want of consideration for the transfer. *104 We thus have a very clear cut case of an attempt by the husband to convey away all his property to a daughter by a former marriage without consideration, and for the evident purpose of defeating the plaintiff in her recovery and preventing the enforcement of any judgment which she might obtain. Under these circumstances she is undoubtedly in a position to attack this transfer. This doctrine is well settled, and has been followed and approved in two cases by this court. Hall v. Harrington, 7 Colo. App. 474; Harrington v. Johnson et al., 7 Colo. App. 488.
The deed was a legal fraud on the plaintiff’s rights. It clearly appears from the testimony that the deed to Rosalinda conveyed all the unincumbered property which Anton owned, and would in the end prevent the enforcement of the judgment. We see no reason therefore why the transfer could not be attacked in this suit and a decree rendered which should be a lien on the land. Whether this practice would under all circumstances be warranted we do not determine. The practice is not attacked and has not been at any stage of the proceedings, nor is it attacked on this appeal, save on the one theory that the proof did not justify the decree. In other words, the contention is, that as tlfe record stands, the plaintiff was entitled to no relief against this voluntary conveyance. This we do not believe. The defendant Anton has evidently endeavored from the time of the separation to the present to defeat the plaintiff of her marital rights and to evade and escape the payment of the alimony which the court decreed that he should pay. Under these circumstances we ought to be measurably deaf to his appeals unless they are thoroughly well based and present matters from which there can be no escape under the law. This appeal presents no objection on the part of Anton. He did not appeal from the judgment, and he does not allege error in its entry. Apparently he is satisfied and does not complain that he has been divorced or that the court has decreed $1,500 as alimony. Rosalinda only appeals in order to prevent the recovery of the alimony. In her contentions we are unable to discover *105 merit. Concededly the conveyance was a voluntary one. Concededly Rosalinda paid nothing for the property. According to the record Anton divested himself of all the property which he possessed and put the title in Rosalinda to escape any responsibility under this decree. ■ When Rosalinda confessed that she paid nothing for the transfer, and it sufficiently appears that it was made with the purpose to defraud the plaintiff, not in the actual but in the legal sense, there was a constructive fraud in which Rosalinda shared and for which she is responsible. We are quite ready to acquit her of any actual fraud, but when she took title to all the estate and paid nothing for it, the result was a constructive fraud for which she is in law responsible.
The objections to the testimony which the plaintiff argues we do not regard as well laid. There is a motion in the case on which the appellant seems to place some reliance in regard to a continuance of the cause for the purpose of procuring, the testimony of Anton. It would appear from the showing that shortly after the trouble between the parties began and the suits were commenced, the deeds having already been made to Rosalinda, Anton disappeared. He was not present at the trial, could not be found, and nobody had any knowledge of his whereabouts. Counsel on the argument conceded that he had returned, but there is nothing in the record advising us about it. The motion to postpone the trial was because of his absence. He was a party to the suit and bound to be present, and we do not well see how an application for continuance could be made on the basis of his absence without proof of other facts than those which appear in the affidavits. He was really an unimportant witness so far as Rosalinda was concerned because the transaction between them was as thoroughly and completely within her knowledge as within his. She had full knowledge of the facts attending the transfer, knew whether she had paid anything for the property, and was fully competent to testify, and there is nothing to demonstrate that Anton’s testimony would be other than purely cumulative on the only matter in which *106 Rosalinda had any interest. We therefore regard the error assigned on the ruling of the court on the motion not of sufficient gravity to disturb the judgment. There is another circumstance which appeals very strongly to our judgment as supporting this conclusion, and that is, that no testimony whatever seems to have been put in by the defendant. Rosalinda made no defense and presumably had none or she would have been heard.
The judgment is entirely supported by the evidence, the decree is manifestly right, the alimony is reasonable, and not at all disproportionate to the amount of the estate which Anton owned, and as the procedure is wholly unattacked on the basis of its regularity in combining the application for this relief in the suit for divorce, we see no reason to disturb the judgment which will accordingly be affirmed.

Affirmed.