[No. 5352.]
[No. 3001 C. A.]

FAHEY ET AL. v. FAHEY.

1. **Husband and Wife—Separate Maintenance—Right to Sue.**
   In Colorado, a wife may sue her husband for separate maintenance independent of an action for divorce.—P. 357.

2. **Fraudulent Conveyances—Consideration—Agreement to Support—Intention.**
   A conveyance by an insolvent debtor of property liable to be taken for his debts, in consideration of an agreement to maintain and support him during his natural life, is fraudulent and

void as to creditors; and the fraudulent intention to hinder and delay creditors in the collection of their debts follows necessarily as a conclusion of law, wholly regardless of the intention of the parties to the transaction.—P. 357.

3. **Husband and Wife—Conveyance in Fraud of Wife.**

A conveyance made to defraud a wife of her support and maintenance comes within the rule that a conveyance made with the intent to defraud subsequent creditors will be set aside at . the suit of such creditors.—P. 358.

4. **Same.**

The wife of a grantor who conveyed his property with intent to defraud her of support and maintenance may invoke the statute of frauds, Mills' Ann. Stats., § 2030, invalidating conveyances tending to hinder or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts, or demands. —P. 358.

5. **Husband and Wife—Separate Maintenance—Amount of Alimony.**

While the amount of permanent alimony is largely within the court's discretion, the husband's estate is the chief factor in determining its amount, and, if he has none, his earning capacity is of first importance; and 3 Mills' (Rev.) Stats., § 1567, providing that, in divorce suits, alimony should be reasonable and just, should govern the allowance for separate maintenance, taking into consideration the husband's estate and his earning capacity. —P. 360.

6. **Same.**

Where, in an action for separate maintenance, plaintiff was decreed alimony to the date of the decree, amounting to $810, and $30 a month thereafter, together with $100 attorney's fees and costs of suit, but defendant's entire estate did not appear to be worth more than $1,200, and he was absolutely without earning capacity, being at times unable to take care of himself, such allowance was unreasonable and unjust.—P. 361.

*Error to the District Court of the City and County of Denver.*

*Hon. Owen E. Le Fevre, Judge.*

Action by Jane Fahey against Thomas Fahey and J. F. Girardot, and from a decree in favor of

plaintiff, William Fahey, Mary Girardot (substituted as parties on the death of defendant Thomas Fahey) and J. F. Girardot, bring error.

*Reversed.*

Mr. N. Q. TANQUARY and Mr. CHARLES ROACH, for plaintiffs in error.

Mr. E. S. WORRELL and Mr. L. D. HOBSON, for defendant in error.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Defendant in error, Jane Fahey, instituted this action for separate maintenance against her husband, Thomas Fahey, to set aside a conveyance of real estate made by the husband to plaintiff in error Girardot in fraud of her rights, and to restrain the husband and Girardot from disposing of the property during the pendency of the suit.

The pleadings presented issues upon which the court made findings of fact in substance as follows:

That the allegations of the complaint were true; that at the time of the rendition of the decree, plaintiff was living separate and apart from her husband, on account of extreme cruelty upon his part; that plaintiff is entitled to $30 per month alimony; that the husband is the owner of the property involved; that on May 21, 1898, the husband conveyed real estate to Girardot for the consideration of one dollar and an agreement for his support and maintenance during the balance of his natural life; that the conveyance so made was, as to plaintiff, fraudulent and void.

December 31, 1900, the court entered its decree, based on the findings, setting aside the conveyance made by Fahey to Girardot, awarding the plaintiff

$30 a month alimony, $100 attorney's fees, and costs of suit.

It is settled in this state that a wife may maintain an action against her husband for separate maintenance independent of an action for divorce.— *Daniels v. Daniels,* 9 Colo. 133; *In re Popejoy,* 26 Colo. 32; *Hanscom v. Hanscom,* 6 Colo. App. 97; *Dye v. Dye,* 9 Colo. App. 320.

The answer of Girardot, who was the son-in-law of Fahey, admitted that the conveyance of the real estate made to him by Fahey was in consideration of one dollar, and the further consideration of the contract and agreement in writing wherein and whereby he agreed to support and maintain Fahey during the balance of his natural life; alleged that he had fully complied with the terms of the contract, and that the same was made in the utmost good faith, without any intention upon his part to defraud the wife of any of her rights.

The court found, and it is conceded, that the real estate conveyed by the deed to Girardot was the only real estate owned by Fahey, and it is contended by Girardot, and we think proved by the evidence, that Fahey, at the time he made the deed, was possessed of no other property whatever. A conveyance by an insolvent debtor, of property which is liable to be taken for his debts, based upon a consideration of an agreement on the part of the grantee to maintain and support the grantor during his natural life, is fraudulent and void as to creditors. The fraudulent intention to hinder and delay creditors in their debts follows necessarily as a conclusion of law, wholly regardless of the intention of the parties to the transaction.—*Annis v. Bonar,* 86 Ill. 128; *Davidson v. Burke,* 143 Ill. 139; *Lawson v. Funk,* 108 Ill. 502; *Sidensparker v. Sidensparker,* 52 Me. 481; *Strong*

*v. Lawrence,* 58 Ia. 55; *Morrison v. Morrison,* 49 N. H. 69.

Further, the court found that the conveyance made by Fahey to Girardot was made with the intention of defrauding the wife of her support and maintenance, and that Girardot had full knowledge of this fact.

The evidence in the case justifies the above finding, so that this case is brought within the rule that, where it appears that a conveyance has been made with the intention and purpose of defrauding those who may become creditors, it will be set aside at the suit of such creditors.

It is contended by counsel for plaintiffs in error that defendant in error cannot invoke the statute of frauds in her aid, for the reason that she was not a creditor of Fahey, nor such other person as is provided for by the statute, at the time the conveyance was made to Girardot.

*Gregory v. Filbeck,* 12 Colo. 379, is a case quite similar in its facts to the case at bar. In deciding the precise question here under consideration, the court said (page 382):

"To bring a conveyance within the statute it must have been 'made with the intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts or demands.'—Gen. Stats., 1883, § 1526; Mills' Ann. Stats., § 2030. The wording of the statute clearly shows that it was not intended to limit the protection thereby given to creditors existing at the time when the conveyance is made. The object of the statute is to protect all persons against conveyances made to hinder or defraud them of their lawful suits, damages, forfeitures, debts or demands. The necessary and material thing to bring the case within the protection of the statute is not that the party invoking

its aid should have an existing cause of action or demand at the time the conveyance is made, but that the grantor intended by such conveyance to hinder, delay or defraud creditors or other persons in the manner set forth in the statute. * * *—Bump, Fraud. Conv. (2d ed) 308. Upon this principle is based the well settled rule that if a party makes a conveyance of his estate with the intent to defraud of their debts persons who may subsequently become his creditors, such subsequent creditors may, under the statute, defeat such conveyance. Appellee became a creditor of Phillip Filbeck by her recovery of judgment against him for alimony.—*Livermore v. Boutelle,* 11 Gray 217, 220; *Chase v. Chase,* 105 Mass. 385. As such subsequent creditor she may invoke the aid of the statute.''

See, also, *Hanscom v. Hanscom, supra; Hall v. Harrington,* 7 Colo. App. 474; *Ruffenach v. Ruffenach,* 13 Colo. App. 102.

This contention of plaintiffs in error is untenable. The court decreed the defendant in error $30 per month alimony from October 3, 1898, to the date of the decree, December 31, 1900, and made the same a lien on the real estate, and also decreed $30 a month thereafter ''during and until such time as the said plaintiff and the said defendant, Thomas Fahey, become reconciled and agree to and do cohabit together as man and wife.''

The further sum of $100 as attorney's fees was allowed, and costs of suit.

The allowance of alimony to the date of the decree amounted to $810.

The complaint alleged that the defendant was the owner of real and personal estate to the value of $5,000, and that he was able to take care of and provide for his wife. The answer denied these allegations. The testimony upon these points has been

scrutinized with care. It discloses that six or eight years before the trial the husband was possessed of considerable means, consisting of real estate and money in bank; that at the time of the trial, after he had conveyed the real estate to Girardot, he was without property of any description, practically penniless, 80 years of age, sick and infirm, at times incapable of taking care of himself, and utterly incapable of performing any labor whatever.

The uncontradicted and only testimony upon the subject places the value of the property conveyed by Fahey to Girardot at $1,200.

Thus it appears that within a few months of the date of the decree, the entire estate of the defendant would be exhausted by the alimony allowed, attorney's fees and court costs. While the amount to be awarded as permanent alimony is largely in the discretion of the court, the value of the husband's estate, if he has any, is a chief factor in the determination of the amount to be allowed; and if he has no estate, his earning capacity becomes of first importance.—14 Cyc. 773.

The appellate courts of this state have repeatedly held that in determining the amount of temporary alimony to be allowed, the ability of the husband is an element to be considered, and the same element must necessarily be taken into consideration in fixing the amount of permanent alimony. Our statute provides that, when a divorce is decreed, the court "may make such order and decree touching alimony and maintenance  *  *  *  as may be reasonable and just."—3 Mills' (Rev.) Stats., § 1567.

While the above statute relates to alimony in divorce suits, we apprehend that the allowance of alimony in actions for separate maintenance should be governed by the rule above stated; that is, that the allowance should be reasonable and just, taking

into consideration the estate of the husband and his earning capacity.

Having in mind the value of the husband's estate and his inability to earn anything, the allowance of alimony made by the court in this case was unreasonable and unjust, and for this reason the decree must be reversed.

We have not alluded to conveyances of real estate made by the husband to the wife before the separation, for the reason that all of the property so conveyed, with the exception of property, the conceded value of which is about $100, seems to have been lost to her, through no fault of hers, under tax sales and executions against the property of the husband.

Since the rendition of the decree by the court below, the husband has departed this life. By proper proceedings in the court below, a substitution of parties has been had. A retrial of this case in the court below cannot change the facts as they are presented in the record now before the court. The judgment of this court will be that the decree of the court below, as to all matters excepting the allowance of alimony, will be affirmed; that the allowance of alimony awarded by the court will be set aside, and that the defendant in error, Jane Fahey, be allowed the sum of $600 as alimony, and the further sum of $100 as attorney's fees, and the costs of this court and of the court below.

The cause is remanded to the court below with instructions to enter a decree as above indicated.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HELM concur.