THE INTERSTATE LAND AND TOWN COMPANY v. PATTON.    21  503
18a  498

1. PRACTICE—WAIVER.

Although it is provided by the code that the defendant shall have ten
days after notice of the filing of a replication in which to demur or
to move against the same, yet if within that time, the defendant
being present, the court should set the case for trial, without ob-
jection by the defendant, on the ground that he desired to attack
the replication by demurrer or motion, who applied for a contin-
uance upon other grounds, he is precluded from raising the question
for the first time in this court that the trial court erred in setting
the case for trial.

2. APPELLATE PRACTICE.

As a general rule, courts of review will not pass upon questions which
were not called to the attention of the trial court.

3. SAME.

In order to obtain a review of the trial court's ruling upon an applica-
tion for a continuance, it is essential that the affidavit in support
thereof be brought into the record by the bill of exceptions.

*Error to the District Court of Pueblo County.*

SUIT was commenced by defendant in error as plaintiff in
the district court on the 30th day of September, 1889.    On
that day a complaint was filed, a summons and writ of attach-
ment issued.    The summons and writ of attachment were
both served two days later.    A motion to quash the sheriff's
return upon the summons was filed October 21st.    The record
does not show what disposition was made of this motion, but
the record does show that the defendant filed a demurrer on
October 26th, which was overruled the same day.    An answer
was filed December 10th.    To this answer a replication was
filed on December 13th.    On the 16th of December a motion
for a continuance was filed and overruled, whereupon the
cause was set for trial upon the 18th inst.    Upon the last
mentioned date the cause was called for trial, the trial result-
ing in a verdict and judgment for defendant in error.    The
defendant brings the case here by writ of error.

Mr. CHARLES M. GARWOOD and Messrs. ROGERS, SHAFROTH & WALLING, for plaintiff in error.

Mr. A. B. PATTON, *pro se.*

CHIEF JUSTICE HAYT delivered the opinion of the court.

There are but two errors relied upon in this court. The first is based upon the following language of section 3 of the amendments of 1889 to the Code of Civil Procedure, viz.:

" The defendant may, within ten days after the service of the notice in writing upon himself or attorney that a replication has been filed, demur to the same for insufficiency, or to any part thereof, or may move to strike out the same or any part thereof, for any cause which may exist therefor." Session Laws, 1889, page 73.

In this instance the trial was set for a day within the ten days allowed the defendant to demur or move against the replication, the defendant in the meantime not having attacked the pleading by motion or otherwise. The contention of his counsel now is that it was error for the district court to enter upon the trial within the ten days allowed the defendant to attack the replication as provided by the law of 1889, and that such error is alone sufficient to entitle plaintiff in error to a reversal of the judgment.

Counsel are not, however, in a position to raise this question in this court, as it does not appear that the attention of the district court was in any way called to the matter, or that the defendant indicated any desire in the lower court to demur or move against the replication. If the defendant, being present, wished to plead to the replication, he should have called the attention of the district court to such desire, and should have obtained its ruling thereon. He did not do this, but, on the contrary, applied for a continuance on other grounds, and he cannot be permitted to raise this question for the first time in this court. Courts of review, as a general rule, will not pass upon matters which have not been called to the attention of the trial courts.

Aside from the foregoing, it does not appear in this case that the defendant was in any way prejudiced by the order of which he complains, there being no possible objection to this replication which he could not have taken advantage of at the trial.

The remaining error assigned is based upon the refusal of the court to grant a continuance upon the defendant's application. In the absence of a bill of exceptions this court is precluded from considering the affidavit filed in support of the motion, and there is nothing which a court can intelligently act upon. The affidavit must be brought into the record by a bill of exceptions to reserve the matter for review. 2 Elliott's General Practice, sec. 487; *Jordan v. The People*, 19 Colo. 417. The judgment of the district court will be affirmed.

*Affirmed.*