Maxwell, J.
December 16, 1895, appellant and appellee entered into a copartnership for the purpose of carrying on a general second hand business at Cripple Creek. Dissentions having arisen, March 18, 1897, the partners had an accounting, a settlement of accounts and a dissolution of the copartnership. Oc *497 tober 19, 1899, appellant filed Ms complaint in the-district court, wherein he alleged that since the accounting and settlement above mentioned an examination of the books of the copartnership (which had been wholly kept by and were under the control of the appellee) disclosed that “either through error, mistake or intentional fraud, ’ ’ the appellee had failed to credit appellant with stock in trade by him furnished to the copartnership, and had appropriated to himself large amounts of partnership funds without charging himself therefor upon the books of the copartnership, and prayed an accounting of all the affairs of the copartnership.
An answer and replication having been filed, the case came to trial before the court, a jury being waived, which trial resulted in a judgment for the defendant. A reversal of the judgment is urged for the following reasons:
1. The judgment is against the weight of evidence.
No exception to the judgment is preserved in the record. It is true that following the entry of the findings of the court and the order for judgment, it is stated that an exception was taken by plaintiff, but that entry constitutes no part of the record.
“Exceptions to- the rulings and decisions of the court can be brought into the record only by bill of exceptions allowed, signed and sealed by the judge. Where a cause is heard by the court, an exception to the final judgment is necessary to authorize the appellate court to review the judgment upon the facts, or upon the law as applied to the facts; but the exception must be made a part of the record in the manner prescribed by law, otherwise it cannot be noticed.” — Burnell v. Wachtel, 4 Colo. App. 556; Breen v. Richardson, 6 Colo. 605; Rutter v. Shumway, *498 16 Colo. 95; Bank v. McCaskill, 16 Colo. 408; Cox v. Sargent, 10 Colo. App. 1.
2. The court should have granted a new trial upon the ground of newly-discovered evidence, which was shown by an affidavit filed.
The affidavit upon which the motion for a new trial is based is not brought into the record 'by the bill of exceptions and for this reason the action of the court upon that motion cannot be reviewed here. —Land and Town Co. v. Patton, 21 Colo. 503; Jordan v. The People, 19 Colo. 417.
3. The court erred in the improper admission and rejection of evidence.
The assignments of error in this behalf cannot be considered as they are of the most general character and do not in any measure call our attention to any particular evidence improperly admitted or excluded. — Old v. Keener, 22 Colo. 6; Fleming v. Daly, 12 Colo. App. 439; State Ins. Co. v. Du Bois, 7 Colo. App. 214; Las Animas County v. Stone, 11 Colo. App. 476.
The judgment of the court below is affirmed.

Affirmed.