[No. 2343.]

CARLIN v. FREEMAN ET AL.

**1. Mining Claims—Relocation of Abandoned Claim—Location Certificate—Statutory Construction.**

In relocating an abandoned mining claim it is not necessary

19    334
f38S  210
38S   489

that the location certificate should state that the claim is located as abandoned property. In section 3162 Mills' Ann. Stats. providing that "the location certificate may state that the whole or any part of the new location is located as abandoned property," the word "may" should be construed as permissive and discretionary, and not as mandatory.

2. Mining Claims—Description—Statutory Construction.

A description in a location certificate of a mining claim which ties the claim by course and distance to a patented claim is sufficient to comply with the statute requiring the description to refer to some natural object or permanent monument.

3. Appellate Practice—Bill of Exceptions—Abstract of Record—Continuance.

An assignment of error based on the ruling of the court denying an application for continuance will not be considered where the abstract of record fails to show that an exception was taken to the ruling of the court and preserved by bill of exceptions.

4. Appellate Practice—Motion for New Trial—Bill of Exceptions—Abstract of Record.

An assignment of error based on the ruling of the court denying a motion for new trial will not be considered where the abstract of record fails to show that an exception was taken to the ruling of the court and preserved by bill of exceptions. The appearance of the motion for new trial and exception to the ruling of the court thereon in the abstract of record proper is not sufficient.

*Appeal from the District Court of La Plata County.*

Mr. BEN B. LINDSEY, Mr. FRED W. PARKS and Mr. RICHARD McCLOUD, for appellant.

Mr. REESE McCLOSKEY, for appellees.

MAXWELL, J.

Appellees filed in the United States land office at Durango, an adverse to appellant's application for a patent to the Saxon lode, and in apt time, commenced this suit in support of their adverse, the complaint averring, that plaintiffs were the owners and entitled to the possession of the Gold Dollar lode by virtue of a full compliance upon their part, with all of the

requirements of the federal and state statutes relating to the acquisition of mineral lands, and also averring, that the Gold Dollar was a relocation of the Saxon, which latter was subject to relocation by reason of the failure of the owners thereof to perform the assessment for 1897.

Appellant's first contention is, that the relocation of the Saxon was not made in conformity with the statutes, and that it was absolutely void and of no effect.

The points involved can be best presented by quoting the assignments of error upon which the argument is based:

"II.

"The court erred in holding that the location certificate of the appellees (plaintiffs below), as set forth in the complaint, was good and sufficient, there being no statement in said certificate showing the same was a relocation or that said location was a location of property claimed to have been abandoned."

"III.

"The court erred in admitting in evidence, over the objections and exceptions of appellant, the said pretended location certificate as well as the amended location certificate of the Gold Dollar lode mining claim, giving date of location December 15, 1898, and all evidence concerning same, for the reason that said certificate is void under the laws of the. state of Colorado."

The location certificate admitted over the objection of appellant contained the name of the lode, the name of the locators, the date of location, the number of lineal feet claimed on each side of the center of the discovery cut, the general course of the lode, a statement that the same was in California mining

district, La Plata county, state of Colorado, and this
description: ·

"Beginning at corner No. 1, being the N. E. cor-
ner of the said claim, which is situated 550 feet in a
southwesterly direction from corner No. 4, Platora
lode patent, survey No. 8870, and running thence
1,500 feet in a southeasterly direction, to corner No.
2; thence 300 feet in a southwesterly direction to cor-
ner No. 3; thence 1,500 feet in a northwesterly direc-
tion to corner No. 4; thence 300 feet in a northeasterly
direction to corner No. 1, the place of beginning."

Mills' Ann. Stats., section 3162, relied upon by
appellant, provides:

"The relocation of abandoned lode-claims shall
be by sinking a new discovery shaft and fixing new
boundaries in the same manner as if it were the loca-
tion of a new claim; or the relocator may sink the
original discovery shaft ten feet deeper than it was at
the time of abandonment, and erect new or adopt the
old boundaries, renewing the posts if removed or
destroyed. In either case a new location stake shall
be erected. In any case, whether the whole or part of
an abandoned claim is taken, the location certificate
may state that the whole or any part of the new
location is located as abandoned property."

Appellant insists that the word "may," in the
last paragraph of the above statute, should be con-
strued to mean "shall" or "must," and the location
certificate not stating that the whole or any part of
the ground included therein was located as abandoned
property, the certificate was therefore void and
should have been excluded.

In this construction we do not agree.

"In a statute the word 'may' may be construed
in a mandatory sense only, where such construction
is necessary to give effect to the clear policy and
intention of the legislature; and where there is noth-

ing in the connection of the language or in the sense or policy of the provision to require an unusual interpretation, its use is merely permissive and discretionary.''—20 Am. and Eng. Ency. of Law, 237, and cases cited.

''Where by the use in other provisions of the statute of the words 'shall' or 'must,' it appears that the legislature intended to distinguish between these words and 'may,' 'may' will not be construed as imperative.''—20 Am. and Eng. Ency. of Law, 238.

Read in the light of the above well settled rules, it is clear that ''may'' was used in the statute under consideration, in its permissive and not mandatory sense.

To rule that''may,''in this statute, is mandatory, and that the certificate of relocation of abandoned territory is void unless it contains a statement that the ground included therein in part or whole is abandoned, would impose upon the locator of such ground the peril of ascertaining that the ground had never previously been located, which in many cases would be impracticable, and would impose an unreasonable requirement, if, indeed, it would not be in direct conflict with U. S. Rev. Stats. section 3324, which provides, that a claim upon which the annual assessment work has not been performed, ''shall be open to relocation *in the same manner* as if no location of the same had ever been made.''

Appellant also contends that the description contained in the certificate is so indefinite as to render it inadmissible.

A reference to the location certificate discloses that:

''Corner No. 1, the N. E. corner,'' is tied to a corner of a patent survey.

A description in a location certificate of a mining

claim which ties the claim by course and distance to a patented claim, is sufficient to comply with the statute requiring the description to refer to some natural object or permanent monument.—*Duncan v. Fulton,* 15 Colo. App. 140; *Drummond v. Long,* 9 Colo. 538.

In all respects the location certificate complies with the requirements of the law, and no error was committed in admitting it in evidence.

Error is assigned upon the refusal of the court to grant a continuance, upon the application of appellant. It appears from the abstract of record, that two applications for a continuance were made, one based upon the affidavit of counsel for appellant, the other upon the affidavit of appellant. Both of these applications were denied.

The abstract of the bill of exceptions fails to show that an exception was saved to the ruling of the court upon either of these applications.

It has been settled by numerous decisions of the appellate court of this state that assignments of error not based upon exceptions duly taken and preserved by a bill of exceptions will not be considered, unless such alleged error is apparent from the record proper, and not necessary to be preserved by bill.

As bearing upon these questions, see: *Brown v. Landon,* 11 Colo. 162; *Rudolph v. Smith,* 18 Colo. App. 496, 72 Pac. 817, and cases there cited.

Error is assigned upon the refusal of the court to grant a new trial upon motion, supported by affidavits. The motion for new trial and the affidavits in support thereof appear in the abstract of the record proper, but do not appear in the abstract of the bill of exceptions, which contains a reference to the abstract of the record proper. No exception to this ruling was preserved and brought into the record by a bill of exceptions so far as shown by the printed abstract of the bill of exceptions. In the record

proper, immediately following the ruling of the court upon the motion for a new trial, is a recital of an exception. This method of saving exceptions is not sufficient under our practice. Exceptions reserved must be preserved by a bill of exceptions or they will not be considered by the appellate courts.—*Alta Inv. Co. v. Worden,* 25 Colo. 215; *Rudolph v. Smith, supra.*

In *Brennan Mercantile Company v. Vickers,* 31 Colo. 324, 73 Pac. 46, our supreme court said:

"In speaking of a similar defect our court of appeals in *Denver Machinery Company v. Publishing Company,* 4 Colo. App. 146, 35 Pac. 192, said in substance that, where the court is unable to determine from an inspection of the abstract whether any error was committed by the trial court, the practice does not require it to look elsewhere for the information. The court, of course, might do so, but it is not obliged to. We are disposed to encourage conciseness in the preparation of abstracts and briefs. Making the abstract merely a printed literal record of the transcript is objectionable, and entails upon an appellate court a vast amount of unnecessary work. Whenever such violation of our rules is properly brought to our attention, we shall be quick to strike from the files the objectionable document, or require the parties guilty of such infraction to conform to the appropriate practice."

See also *Thompson v. Ditch Co.,* 25 Colo. 243; *Otto v. Hill,* 11 Colo. App. 431.

The condition of the docket of this court compels us to insist upon compliance with the rules of court, relating to abstracts of record, which rules are designed to facilitate the dispatch of business. If counsel ignore these rules, they must abide the consequences.

The only error assigned, predicated upon excep-

tions preserved and brought into the record by the bill of exceptions, as shown by the abstract of record in this case, is the one challenging the admission of the location certificate, hereinbefore disposed of.

For the foregoing reasons the judgment must be affirmed.                                        *Affirmed.*