JEWELL, TREASURER, AND SCHOOL DISTRICT No. 29 v. SHAW.

1.  **Practice in Civil Actions—Parties.**

    A person may not inject himself into a lawsuit by inserting, or causing to be inserted, his name as a party in a supplemental pleading without an order of the court therefor. Persons having an interest in the subject-matter of litigation may be made parties to an action by compliance with section 17 of the Civil Code.

2.  **Appellate Practice—Exceptions—Judgments.**

    In the absence of an exception to the final judgment the appellate court will not review the judgment or decree on the facts.

3.  **Same—Bill of Exceptions.**

    Exceptions to the rulings and decisions of the court must be brought into the record by bill of exceptions.

4.  **Same—Assignments of Error.**

    Assignments of error not based upon exceptions will not be considered.

5.  **Same—Evidence.**

    Unless the bill of exceptions brings up the evidence upon which the findings are based, the appellate court will assume that the evidence was sufficient to justify the decree.

*Error to the District Court of Saguache County.*

Messrs. McGINTIE & ANDREWS, and Mr. J. W. DAVIDSON, for plaintiffs in error.

Messrs. WOLCOTT & VAILE, Mr. CHARLES A. MERRIMAN, and Mr. WM. W. FIELD, for defendant in error.

MAXWELL, J.

It is insisted by defendant in error that a necessary party has not been made a defendant to this writ of error, and therefore this court is without jurisdiction to review the decree complained of.

The transcript shows that a third supplemental complaint was filed, in which The San Luis Valley Land & Mining Company appears as coplaintiff with

Shaw, upon the averment that Shaw had sold and conveyed all his right, title and interest in the property in controversy, to The San Luis Valley Land & Mining Company.

A reply to the answer to this third supplemental complaint, filed by defendant in error, is in the name of Shaw alone. The writ of injunction issued pursuant to the mandate of the decree rendered, runs in the name of Shaw alone, notwithstanding the court uses the plural "plaintiffs" in the decree.

It would seem from the foregoing that the company had abandoned its attempt to become a party to this litigation.

The Civil Code, section 17, provides the manner in which a party having an interest in the subject-matter of the litigation may be made a party thereto.

No attempt was made to comply with this requirement of the code. A person may not inject himself into a lawsuit by inserting, or causing to be inserted, his name, as a party, in a supplemental pleading, without order of the court therefor.

The facts out of which this litigation arose, are set forth in the opinion of this court in *Shaw v. Lockett,* 14 Colo. App. 413, Jewell having been substituted for Lockett by order of the court below.

The abstract of record contains literal copies of the original complaint, amended answer to the original complaint, decree from which the former appeal was taken, decree to which this writ of error is sued out, assignment of errors, and the briefest possible mention of motions, orders, injunctions, supplemental and other pleadings. There is no bill of exceptions; no order with reference to the same. We search in vain the abstract of record and the transcript for an exception saved to any ruling preliminary to the trial, or during the trial (which occupied two days),

and no exception was taken to the final judgment or decree.

The opening paragraph of the decree is:

"On consideration whereof, and forasmuch as the plaintiffs have sufficiently established the material facts of their complaint and the supplemental complaints herein, and the defendants have failed to establish facts sufficient to sustain their defense, the court doth order," etc.

Not a word of testimony introduced at the trial is preserved by the record here.

The reports of this state are burdened with decisions to the effect that, in the absence of an exception to the final judgment, the appellate courts will not review the judgment or decree upon the facts; that exceptions to the rulings and decisions of the court must be brought into the record by a bill of exceptions; that assignments of error not based upon exceptions will not be considered; and, that unless the bill of exceptions brings up the evidence upon which the findings are based, the appellate court will assume that the evidence was sufficient to justify the decree.

A few only, of the many cases to be found in the reports of this state, which announce the well settled practice, are cited.—*Rudolph v. Smith,* 18 Colo. App. 496, and cases cited; *Brown v. Landon,* 11 Colo. 162; *Nevin v. Lulu, etc., Co.,* 10 Colo. 357.

The condition of this record compels an affirmance of the decree.                    *Affirmed.*