## No. 9920.

### HORNE, ET AL. *v.* REDMAN, ET AL.

Decided October 4, 1920.

Action involving motion for continuance which was overruled by the court below.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Affidavits—Bill of Exceptions.* Affidavits to be considered by the appellate tribunal must be brought before the court by bill of exceptions.

*Error to the District Court of The City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. SYMES & WINGREN, for plaintiffs in error.

Mr. T. J. O'DONNELL, Mr. J. W. GRAHAM, for defendants in error.

MR. JUSTICE TELLER delivered the opinion of the court.

THIS cause is before us on an application for a supersedeas. The principal error alleged is in the court's overruling a motion by plaintiffs in error for a continuance. The defendants in error now move to strike from the transcript of record certain affidavits filed in support of the motion for a continuance, upon the ground that they are improperly included in the record; and, further, that the

court cannot consider them, they not having been brought into the record by bill of exceptions.

Plaintiffs in error contend that under Section 3 of Chapter 6 of the Session Laws of 1911, these affidavits are a part of the record, being, as they say, by reference incorporated into and made a part of the motion for a continuance, which, under said section is a part of the record. They cite several cases from other states in which affidavits attached to the motion for a new trial have been held a part of the record proper. In those cases it appears, however, that the affidavits either form a part of the motion by being all upon one paper, or were recognized by the court in its rulings as having been before it. The statute in question makes motions for a continuance a part of the record, but does not change the established rule that affidavits, to be considered by this court, must be brought before the court by bill of exceptions.

In *Interstate Land & Town Co. v. Patton,* 21 Colo. 503, 42 Pac. 673, this court ruled specifically that in order to obtain a review of the trial court's ruling upon an application for a continuance the affidavits in support of the motion must be brought into the record by a bill of exceptions. At the time that case was decided, Section 387 of Mills' Annotated Code, which is identical with the section cited from the laws of 1911, was in force.

In *Phoenix Indemnity Co. v. Greger,* 39 Colo. 193, speaking of affidavits filed in support of a motion for change of venue, we said: "Copying these documents in the court journals, and authenticating them as entered in the clerk's minutes, do not make them parts of the record. This method cannot take the place of a bill of exceptions or operate as a substitute therefor."—Citing a number of cases.

We have, however, examined the affidavits and are of the opinion that the court did not abuse its discretion in refusing the application based upon them. They do not set out the facts required in such cases to entitle the applicant to a continuance.

The supersedeas is denied and the judgment affirmed.

MR. JUSTICE BURKE and MR. JUSTICE DENISON concur.