**SHUFF et v JOBES**

Ohio Appeals, 2nd Dist, Darke Co

Decided Dec 30, 1935

S. E. Mote, Greenville, for plaintiffs in error.

Geo. A. Jobes, Greenville, for defendant in error.

## OPINION

By BODEY, J.

This is an error proceeding from the Common Pleas Court. Those persons named in the caption as plaintiffs in error, together with Greenville National Bank, were defendants below and defendant in error was plaintiff below. While the caption carries the names of O. O. Shuff, G. O. Hartzell and Carrie Hartzell as plaintiffs in error exceptions were saved for O. O. Shuff in the final order of the lower court and the order which is herein sought to be reversed was one which affected his rights alone. Reference will be made to the parties as they appeared in the lower court.

The petition below which was filed January 24, 1935, was in the usual form and contained two causes of action. In the first cause of action plaintiff sought to recover from the defendants, G. O. Hartzell and Carrie Hartzell on a promissory note and in the second cause of action plaintiff prayed for the foreclosure of a real estate mortgage which had been executed by said two defendants to secure the payment of said note. The only allegation set forth in the petition affecting the defendants, Shuff and Greenville National Bank, was the following:

"Said defendants, O. O. Shuff and Greenville National Bank, of Greenville, Ohio, claim some interest in said premises hereinbefore described, the nature and extent of which are unknown to plaintiff, and are necessary parties to this cause."

Summons was served on O. O. Shuff, his answer day being February 23, 1935. The defendant, O. O. Shuff on February 20, 1935, filed a motion in which he sought a stay of sale and proceedings in foreclosure under the Best Act. On March 16, 1935, judgment was rendered against the Hartzells by default and foreclosure ordered by the court. No judgment was rendered against the defendant, Shuff. Thereafter, the defendant, O. O. Shuff, filed an application for re-hearing of his motion for a stay of proceedings. On March 22, 1935, the application for rehearing was denied. On April 9, 1935, on motion of O. O. Shuff, the judgment and order of foreclosure theretofore entered was vacated and set aside, for the reason that the journal entry containing said judgment and order had not been submitted to counsel for O.

O. Shuff. On the same date, counsel being present in court, evidence having been theretofore · introduced, the court rendered judgment in the sum of $264.71 against the Hartzells as prayed for in the petition and entered an order of foreclosure. In this entry the court found there was no good reason shown by the defendant, O. O. Shuff, for a stay of proceedings and the court further refused and denied the application of the defendant, O. O. Shuff, for leave to answer, he being in default. It is now claimed that the court committed error when it refused to permit the defendant, Shuff, to plead and when it also denied his application for a stay of proceedings.

It appears from the bill of exceptions and the pleadings that G. O. Hartzell and Carrie Hartzell had purchased the real estate described in the mortgage from plaintiff's decedent, James L. Hapner, and had executed the note and mortgage herein sued upon as security for the payment of a part of the purchase price thereof; that O. O. Shuff had purchased said premises from G. O. Hartzell and Carrie Hartzell but had not assumed and agreed to pay the note described in the petition; that said note and mortgage provided for installment payments of $10.00 monthly, the note being dated September 6, 1930; that no payments had been made thereon since December 5, 1931; that the taxes were in arrears to an amount of about $70.00; that the defendant, Shuff, had no money at the time of hearing but that he might "borrow a little money to take care of the taxes"; that said property was appraised at $300.00; that said property was worth $500.00 or $600.00 in normal times, although counsel for defendant later stated that in his opinion the property was worth $1000.00; that said statement was made "in order to form the basis of my contention that to refuse a moratorium would be a gross abuse of discretion where there is equity in the property."

Counsel for the defendant claims that, under the provisions of §11588 GC, it is mandatory for the court to stay proceedings. That section reads as follows:

"When a mortgage is foreclosed or a specific lien enforced, a sale of the property shall be ordered. However, any court before which a proceeding for the foreclosure of a mortgage or the enforcement of a specific lien or execution against real property is had, on or before the first day of February, 1937, may after a full hearing, and upon such terms and conditions as may be fixed by the court, order that the sale be postponed and that proceedings to enforce the debt or to recover possession be restrained until such a time, not later than the first day of February, 1937, as the court may, in the exercise of its discretion believe to be just and equitable, considering the rights and equities of all parties affected by such order in the light of existing economic conditions but in no event to postpone said sale and/or such proceedings unless the current taxes and the interest due from and after the date of said postponement by said court order shall be paid as due, provided, no sale shall be postponed and no such proceedings had upon a mortgage executed after May 18th, 1933 * * *."

In the case of **The State ex John Tague Post No. 188, American Legion v Klinger et, County Commrs.**, 114 Oh St, 212, the court quotes the following language from Carlin v Freeman, 19 Colo. App., 334, to-wit:

"In a statute the word 'may' may be construed in a mandatory sense only, where such construction is necessary to give effect to the clear policy and intention of the Legislature; and where there is nothing in the connection of the language or in the sense of policy of the provision to require an unusual interpretation, its use is merely permissive and discretionary. * * * Where by the use of other provisions of the statute of the word 'shall' or 'must', it appears that the legislature intended to distinguish between these words and 'may' will not be construed as imperative."

In the case cited, the court holds that the words "may appropriate", as used in §2503 GC confer a discretionary power upon the County Commissioners and that the word "may" is not mandatory. We have carefully examined the language employed in §11588 GC, and we are unable to distinguish the use of the word "may" as employed in this section from the use made of it in §2503 GC. The context of §11588, GC, supra, does not require that any unusual interpretation be given to the word "may" as used therein. The language, when considered as a whole, confers upon the court the discretionary power to postpone proceedings and sale. If a sale is postponed under this section, the court may fix the terms of postponement, but it must consider the rights and equities of all parties affected in the light of existing economic conditions. The fact that the court must consider present economic conditions is further indication of the intent of the

Legislature to enact a permissive law. It being the view of the court that the terms of §11588 GC are directory only, we should also determine whether or not the court abused its discretion in the order which it entered. In the light of the facts which have been herein set forth and bearing in mind that the plaintiff was an executor who evidently was seeking to close the estate of his deceased, we are unable to conclude that the lower court abused its discretion in refusing a postponement of this sale.

Did the court commit error when it refused to permit the defendant, Shuff, to answer after he was in default? In order to properly bring this question before the court a copy of the answer which said defendant proposed to file should have been attached to the original papers as having been proffered in the lower court. This court does not know what the defendant, Shuff, proposed to plead in his answer. This question is discussed in the case of Smucker v Wright et, 3 C.C., 620, at page 625. The court there says:

"Whether the court abused its discretion in refusing to permit an answer to be filed, we can not say, for we don't know what the answer contained * * * To preserve the question for review it should have been incorporated in the bill of exceptions; otherwise it is no part of the record in this case."

The record which we have before us does not lead us to conclude that the defendant, Shuff, had any defense to this petition. To have permitted him, under the facts before us, to file an answer would simply have been to grant further delay. In refusing the postponement of sale under §11588 GC the court had refused to countenance further delay. We are, therefore, inclined to the view that the order of the court refusing leave to answer was consistent with its order denying the application for a postponement of the sale. The record does not disclose that the court abused its discretion in refusing to open up the default of the defendant, Shuff.

There is no prejudicial error exemplified in this record. The judgment of the lower court is affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.