CLELLAND, IMPL., V. TANNER.

The right of appeal is purely statutory, and, to be available, the terms upon which the right is given must be complied with. The time within which an appeal bond shall be filed must be fixed by an order of the *court*, hence such order cannot be made in vacation.

*Error to District Court of Fremont County.*

THE case is stated in the opinion.

Messrs. THATCHER and GAST, for plaintiff in error.

Messrs. BENTLEY and VAILE, for defendant in error.

BECK, C. J. The only error assigned is to the action of the district court in dismissing an appeal to the court from a money judgment entered up in vacation in the county court.

Counsel for plaintiff in error contended that although no appeal was prayed, and no time fixed by the court for

the giving of an appeal bond, yet appeals lie from judgments entered in vacation, as well as from those entered in term time, and a good and sufficient appeal bond having been executed by the plaintiff in error, which was duly approved and filed by the judge of the county court, and the papers having been transmitted to the district court, it was error to dismiss the appeal on the ground of want of jurisdiction to entertain it.

If the proposition be admitted, that the statute authorizes an appeal from judgments entered up in vacation, still the right is purely statutory, and to be available the terms upon which the right is given must be complied with. These terms, as prescribed by the act of 1877, are, "the party desiring such appeal shall, within a reasonable time, to be fixed by the court, give good and sufficient bond, with one or more sureties, to be approved by the judge or clerk of said court." * * * We held, in *Gruner v. Moore*, 6 Colo. 526, that the order fixing the time within which the appeal bond might be filed could not be made in vacation, for the reason that it required the judicial action of the court to make such order.

In this present case the plaintiff in error tendered his appeal bond twenty-eight days after the entry of judgment, assuming that the law allowed him that time to prepare the same without an order of court. Where a statutory right rests upon conditions thereto attached, such conditions cannot be arbitrarily dispensed with, and advantage taken of the right at the same time. And where the statute clearly covers all cases, it is no answer to say that in a given case the conditions required are inconvenient and useless. Until the statute is modified its terms must be complied with.

*Affirmed.*