POLK v. BUTTERFIELD.

1. Upon writ of error, error cannot be assigned on an order made after judgment.

2. It is not necessary that a new promise relied on to avoid the bar of the statute of limitations should be declared on in the complaint. It is sufficient to reply the new promise, after the defense of the statute is interposed.

3. Courts do not take judicial notice of the statutes of other states. They must be set out in the pleadings, and proved like other facts.

*Error to District Court of Arapahoe County.*

THIS was an action brought by the defendant in error against the plaintiff in error and others on certain bills of exchange. The defendant below pleaded the statute of limitations, and the plaintiff replied a new promise. Trial by the court, and judgment against the defendant in the sum of $1,480. Afterwards, and at the same term, the defendant Polk interposed a motion, supported by affidavits, to vacate the judgment under the provisions of section 78 of the Amended Code, p. 23. The section, so far as applicable to the case at bar, is as follows: "The court may, on motion, in furtherance of justice, * * * upon such terms as may be just, and upon payment of costs, relieve a party or his legal representatives from a judgment, order or other proceeding taken against him through mistake, inadvertence, surprise or excusable neglect." The motion to vacate the judgment was overruled, and the defendant sued out a writ of error.

Messrs. STALLCUP, LUTHE and SHAFFROTH, for plaintiff in error.

Mr. OWEN McGARR, for defendant in error.

ELBERT, J. The decision of the district court overruling the motion of the plaintiff in error to vacate the judgment in the court below cannot be reviewed on this

writ. At common law no writ of error could be brought but on a judgment or an award in the nature of a judgment. 2 Tidd, Pr. *1141. The whole proceedings to final judgment, inclusive, were entered of record, and the writ went to errors of fact and law appearing in the proceedings as recorded. Steph. Pl. 142. The review was of the record upon which judgment was given. 2 Tidd, Pr. *1134. It appears, also, that the writ would lie to the "execution of a suit" where error was "supposed to be, as well in giving the judgment as in awarding execution thereon;" but in such case the writ ran, " *tam in reddi-tione judicii quam in adjudicatione executionis.*" 2 Tidd, Pr. *1134, *1143. Practically, the writ brought up the entire record. The motion to vacate the judgment in this case is statutory and based on statutory grounds. It was unknown to the common law, and the writ of error had no use respecting it. The act of February 24, 1879, provided for "appeals from" and "writs of error to" the final judgments and decrees of the district and county courts. Sess. Laws 1879, 226, 227. This is the writ of error as known to the common law. The view that, under our practice, it brings up the entire record, and that error can be assigned on an order after judgment, is not admissible. The fact that the act of 1879 repealed the provisions of the code of 1877 respecting appeals to this court, which provided, *inter alia*, for an appeal "from any special order after judgment," makes it difficult to say that the legislature intended, by appeals from *final* judgments and by writs of error to *final* judgments, to still provide for the review of orders *after* judgment by either of the modes prescribed. We are of the opinion that the repeal of the special provision named, without more, precludes us from saying that there was such an intention. This view is strengthened by reference to sections 24 and 25 of the act of 1879, prescribing what may be assigned for error. Orders after judgment are not enumerated.

To the objection that the complaint does not state a cause of action, it is sufficient to say that it was not necessary that the plaintiff should, in the first instance, declare on the new promise. The practice in most of the states is to declare on the original indebtedness, and, if the statute of limitations be interposed, to reply the new promise. Wood, Lim. 201. The effect of the decision in the case of *Buckingham v. Orr*, 6 Colo. 590, is not to exclude such a practice, but to give preference to the practice which declares upon the new promise in the first instance. It may be further answered, upon this point, that the objection to the complaint should have been taken by the defendant by special demurrer. *Buckingham v. Orr, supra.*

The objections based upon the provisions of the statutes of Mississippi and Missouri cannot be considered. Courts do not take judicial notice of the statutes of other states. They should have been set out in the pleadings and proved like other facts. 1 Phil. Ev. *624, note 11; Bliss, Code Pl. § 183.

The judgment of the court below must be affirmed.

*Affirmed.*