## HUGHES V. FELTON.

1. On a writ of error it is not permissible to assign error on an order made after final judgment.

2. A statute of a legislature which was regularly organized and fully recognized by the executive, and which had no rival organization, is not invalid because the members were elected under an apportionment act which contained no provision for the representation of one of the counties.

3. In proceedings under such a statute the legality of the legislature thus constituted cannot be inquired into under constitution, article 5, section 10, providing that each house shall judge of the election and qualification of its members; nor under the rule that, for the purpose of determining the validity of a legislative act, the courts will not consider evidence outside the act itself, the enrolled bill, and the journals.

*Error to Superior Court of Denver.*

Messrs. WELLS, SMITH and MACON, for plaintiff in error.

Mr. F. J. MOTT, for defendant in error.

DE FRANCE, C. Felton was plaintiff in the court below, and obtained a judgment by default against Hughes, the defendant. Hughes afterwards moved for a vacation of said judgment, but his motion was denied. The denial of said motion is assigned for error. It is not permissible, in a case brought here by writ of error, to assign error on an order of court made after final judgment. *Polk v. Butterfield,* 9 Colo. 325.

The only other point relied upon for a reversal is that the superior court is no court, and had no jurisdiction as such to pass judgment in the case. To support this proposition it is claimed that the act of the legislature approved February 10, 1883, under and by virtue of which the superior court was organized, is nugatory. The objection made to such act is not to the mode of its passage, nor to subject-matter apparent on the face thereof; but because, as it is claimed, the legislature which enacted it was not a legal or constitutional body. In the case of *People v. Supervisors,* 8 N. Y. 317, it is said that, in order to take advantage of an objection of this kind, it should be set forth in the pleadings, so as to afford the adverse party an opportunity of controverting the same. But, however this may be, there is another matter which is fatal to the claim here made. Article 5, section 10, of the state constitution, referring to the legislature, provides that each house "shall judge of the election and qualification of its members." The power thus vested and conferred is exclusive. The courts cannot interfere with its exercise, or review the decision of either house, acting under and in pursuance of said power. Such decision is conclusive. *People v. Mahaney,* 13 Mich. 481;

*State v. Gilmore,* 20 Kan. 551; Cooley, Const. Lim. 133, 624. To maintain their main proposition that the superior court is not a court, counsel for plaintiff in error assume, as a basis for their argument, that the legislative apportionment act of 1881 is unconstitutional. By an oversight or omission of the legislature this apportionment act contains no provision whereby the electors of Dolores county might have a voice in the election of senators and representatives; and for this reason it is that said act is claimed to be in contravention of the constitution. Then counsel say, and perhaps it is a fair and legitimate presumption, that all of the members of the legislative assembly of 1883, except the senators who held over, were chosen under that act, or from districts as constituted by that act, at the general election held in 1882. The conclusion is then drawn that the members of the legislature, thus elected, were not legally elected; and also the further conclusion that the legislative assembly of 1883, composed of a senate, one-half of whose members were so elected, and of a house, of which all the members were so elected, was an illegal and unconstitutional body; and that, as a consequence, no act passed by it could become a valid law. The statute under which the superior court of the city of Denver was organized is one of the measures of that legislature. This is the process of reasoning advanced by counsel in support of the assignment of error under consideration. From what has already been said it is plain to be seen that a determination of the main proposition contended for involves a decision of questions which this court has no authority to decide, and which it is prohibited from deciding by an express provision of the constitution lodging such power elsewhere. The members of the legislature thus assailed met at the time and place provided therefor by law, and then and there organized the two houses in the manner required by law. In doing this, each house necessarily judged of the election and qualifi-

cation of its members. The two houses thus organized recognized each other as a component part of the legislature of the state, and they received full recognition, as such, by the executive branch of the government. They chose two persons to represent the state of Colorado in the senate of the United States, who were afterwards admitted to seats as members of that distinguished body; and in all other respects the said assembly acted and was recognized as the legislature of the state. It is a general, if not universal, rule, that courts, in determining the validity or invalidity of a legislative act, do not, for the purpose of impeaching such act, permit of or consider evidence outside of the act itself, the enrolled bill, and the journals of the two houses. *Division of Howard Co.*, 15 Kan. 195, and cases there cited. For these reasons the proposition advanced is not tenable. Whether the apportionment act referred to infringes upon the constitution or not is a question not properly before us. The judgment should be affirmed.

*Affirmed.*

RISING and STALLCUP, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is affirmed.

### ON REHEARING.

PER CURIAM. If, notwithstanding the contrary declaration of the opinion, we assume that the constitutionality of the apportionment act mentioned is fairly before us, the conclusion arrived at by the commission is not avoided. This assumption simply transforms the inquiry, as to the title by which certain members of the fourth general assembly held their seats, into an attempt to question the legal *status* of that body as a whole. The views upon this subject urged by counsel for plaintiff in error cannot be adopted for the following among other reasons: The fourth general assembly, including the

thirteen senators who held over, met and organized in the manner provided by law. It was fully recognized without comment or question by the executive department of the government. It was the only body then in existence, or that has ever existed, professing to be the fourth general assembly. It performed the usual legislative duties, finally adjourned, and now, after the lapse of four and a half years, its legal existence is indirectly and for the first time challenged. We are not advised by the record as to even the possible influence the inadvertence of the legislature of 1881, in omitting Dolores county from the apportionment bill, may have had upon the membership of the succeeding legislature, the said fourth general assembly. It may be true, for aught we know, that the electors of Dolores county could have had no voice in the election of more than one state senator and one representative. If so, we are aware of no principle of constitutional construction that would justify us at the present time, and under the existing circumstances, in declaring the entire fourth general assembly, composed of seventy-six members, a body of usurpers, acting wholly without any legal right or authority in the premises. Conceding, therefore, for the sake of the argument, that, in so far as the apportionment act of 1881 failed to expressly recognize the rights of Dolores county to representation, it was unconstitutional, in our judgment it does not follow that the legislation of 1883 should be declared a nullity on the ground that the entire act was void, and the body elected in pursuance of its provisions illegal. The rehearing is denied.

*Rehearing denied.*