SCHMIDT v. DREYER ET AL.

1. WRIT OF ERROR—PROCEEDINGS SUBSEQUENT TO FINAL JUDGMENT.

Proceedings subsequent to final judgment may be reviewed, not upon a writ of error to the order in which such proceedings culminated, but upon a writ to the final judgment and in connection with a review thereof.

2. SAME.

The statutory conditions prescribed for a review of proceedings subsequent to final judgment must be complied with, or the writ of error will be dismissed.

*Error to the County Court of Arapahoe County.*

Mr. A. B. ULLERY and Messrs. MCINTYRE, BRAY & JARVIS, for plaintiff in error.

Mr. R. T. CASSELL, for defendants in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

At the November, 1891, term of the county court of Arapahoe county, a final judgment was rendered in favor of the defendant in error, Dreyer. At a subsequent term of the court the defendant in error applied for an order to amend and correct the judgment theretofore entered of record, so as to make the record express the judgment which was, in fact, pronounced by the court. The court heard testimony, granted the application, and made an order directing such correction to be made. It is to review this order that plaintiff in error has sued out her writ of error.

It will be observed that the proceedings resulting in this order and now sought to be reviewed took place subsequent to final judgment, and for this reason it is urged that a writ of error will not lie to review them. Under our former practice, such was the rule. *Polk v. Butterfield,* 9 Colo. 325; *Cross v. Moffat,* 11 Colo. 210; *Hughes v. Felton,* 11 Colo.

489. After these decisions were pronounced, a new procedure was established by the statutes of 1889 (sec. 5, p. 73; sec. 1, p. 78), so that proceedings in trial courts subsequent to final judgment may be reviewed. This right of review is purely a statutory right, and the provisions of the statute must be observed. Before the statutes were passed, no error could be assigned as to such subsequent orders. There can be but one final judgment in any action, and only from or to this will an appeal or writ of error lie.

Such review, therefore, may be had only in the manner prescribed by the statutes referred to. Section 5 gives the right to review error occurring before, at, or after final judgment; but the prosecution of an appeal or writ of error cannot be had before the rendition of the final judgment. Section 1 gives the right to this court to review judicial proceedings subsequent to final judgment only " upon appeal from, or error to a final judgment."

Certainly, before the passage of these acts (except only when the procedure act of 1885 was in force) the practice in this court has been and now is to review error occurring before or at the final judgment only when an appeal from, or writ of error to, the final judgment has been taken, and the whole case is before the court. By the express provisions of section 1, proceedings subsequent to final judgment may be reviewed here not upon a writ of error taken to the order in which such subsequent proceedings culminated, but upon a writ of error to the final judgment theretofore rendered, and as an incident to, and in connection with, a review of the final judgment, and "in like manner and with like effect, as matters occurring prior thereto."

Such being the statutory conditions prescribed for a review of these subsequent proceedings, and these conditions not having been complied with, the motion to dismiss the writ of error should be allowed.

*Writ dismissed.*