Per Curiam.

The judgment from which an appeal is sought in this case was rendered April 22, 1901. On May 29, following, at a subsequent term of court, and not until then, was an appeal prayed for.
The right to an appeal is purely statutory, and to be available, the statutory terms and conditions upon which the right is given, must be complied with.—Clelland v. Tanner, 8 Colo. 253; Colorado Springs L. S. Co. v. Godding, 20 Colo. 72; Tierney v. Campbell, 7 Colo. App. 300; Mercer v. Mercer, 13 Colo. App. 244.
An express statutory condition upon which an appeal is allowed and may be taken, is that the appeal be prayed for within five days after the time of rendering the judgment or decree. — Code, sec. 388.
This provision of the code is jurisdictional. In the Godding case, supra, it was said: “This court is.without jurisdiction by appeal, for it appears from the record before us that * * * the appeal was not prayed for until fifteen days after” judgment was rendered. Upon the express authority of this and other cases in which the question has been passed upon by both appellate courts it would seem that where there had been a failure to pray for an appeal within the statutory time, and the jurisdiction is chal *450 lenged upon that ground, the appellate court has no discretion other than to dismiss the appeal.
It is contended, however, that in this instance the requirement has been waived by a general appearance of the appellee in this court, and by the long delay in presenting the motion to dismiss.' We may concede that the facts of the case would be sufficient to justify the court in holding that there has been a waiver, if there can be such where the .other party appears at all, and challenges the jurisdiction before final hearing and judgment. It is well settled by repeated and numerous decisions of both appellate courts that jurisdiction by appeal cannot be conferred by consent. Joinder in error cannot confer it nor waive it.—Gordon v. Gray, 19 Colo. 167; Thorne v.. Ornauer, 6 Colo. 39.
A waiver in any case is really implied consent by a failure to object. Counsel in discussing waiver do not distinguish between eases where the appellate court has original jurisdiction of the subject-matter, and those where it has not. In this case, this court has jurisdiction only by appeal, and has no original jurisdiction of the subject-matter. If the latter were true, the result might be different.
The motion of appellee to dismiss the appeal for lack of jurisdiction must be sustained. In accordance, however, with the provisions of section 1, page 80, Laws 1893, being section 388a of Mills’ Annotated Code, the clerk will be ordered to enter the action as pending on writ of error.

Appeal dismissed.