[No. 4568.]

STAPLES ET AL. V. BARCLAY ET AL.

**Costs—Sureties—Liability—Judgments—Motion to Retax.**

Plaintiffs in an action were required to give a cost bond, and afterwards their complaint was dismissed and judgment for costs was entered against them, and a fee bill or execution for costs was issued against plaintiffs and the sureties on their bond, and the sureties filed a motion to retax the costs and to quash the fee bill which was overruled, from which order overruling their motion the sureties appealed. Held that the liability of the sureties was fixed by the judgment against their principal and that any review of such liability must be had by an appeal from or error to such judgment, and could not be had by a motion to quash the fee bill and retax the costs and an appeal from the order denying the motion.

*Appeal from the District Court of Arapahoe County.*

*Motion to Dismiss Appeal.*

Messrs. THOMAS, BRYANT & LEE, for appellants.

Mr. JOHN R. SMITH, for appellees.

*Per Curiam.*—An action was brought in the district court of Arapahoe county involving the ownership of a mine, and pending its determination, at the instance of plaintiffs, a receiver was appointed who took possession of, and worked it. After his appointment, and upon the application of defendants, plaintiffs were required to give a cost bond upon which appellants here were sureties. By the final judgment and decree in that action, which was rendered May 25, 1898, plaintiffs' complaint was dismissed, and defendants recovered judgment against them for all costs of the action, including the costs incurred by the receiver during his administration. To review that judgment plaintiffs sued out a writ of error in this court in September, 1900, but for their failure to prosecute it the writ was dismissed June 20, 1902.

While that writ of error was pending in this court, a fee bill or execution was issued out of the district court under the judgment of May 25, 1898, running against plaintiffs and their sureties on the cost bond. The sureties (who are appellants here) filed a motion to retax the costs and quash the fee bill, which was overruled in April or May, 1902, and from that order the sureties have appealed to this court; and it is this appeal which appellees here (defendants in the original action) have moved to dismiss.

At the time this appeal was prayed the present appellees objected on several grounds to the order granting the same, but the appeal was allowed and thereafter lodged in this court. The motion to dismiss is based upon several propositions, and our decision might, with the same result, be put upon several of them, but we select the one which makes it so clear that appellants have no standing that we do not prolong the opinion by giving additional reasons for our holding.

The form of the bond prescribed by section 674, Mills' Ann. Stats., reads:

"I do hereby enter myself security for costs in this case, and acknowledge myself bound to pay, or cause to be paid, all costs which may accrue in this action, either to the opposite party or to any of the officers of this court pursuant to the laws of this state."

By section 694, Mills' Ann. Stats., a fee bill for costs runs against the party liable to pay the same, and his security for costs, and this provision has been upheld in *Shannon v. Dodge,* 18 Colo., 164. Our statute, it seems, is a literal transcript of that of Illinois, and the same rule prevails there.—*Whitehurst v. Coleen,* 53 Ills., 247; *Hennies v. The People,* 70 Ills., 100; *Rietzell v. The People,* 72

Ills., 416; *Johnson v. Elevator Co.*, 105 Ills., 462, 468. The reason for this rule is that the sureties, by signing such bond, make themselves parties to the suit. Their liability thereon becomes fixed by the rendering of judgment against their principal, and not by subsequent proceedings in the case. The liability of the appellants in this case having been determined by the judgment against their principal entered on the 25th of May, 1898, they cannot, by their subsequent act in 1902 in moving to retax costs and quash fee bills issued under that judgment, prolong its life in such a way as that upon appeal from such order they can have re-litigated the question of their liability for the costs which was established by the original judgment and as a part thereof. Appellants cite *Trustees v. Greenough,* 105 U. S., 527, to the point that while there may be only one final judgment as between the principal parties to an action, with respect to collateral questions and other parties, such as interveners, there may be other judgments which are final as to the latter in the sense that they may be reviewed by appeal or writ of error at their instance. That case is not in point. The judgment there appealed from was a judgment for costs which were directed to be paid, not by any particular party, but out of a fund in the hands, and under the control, of the court, where the main questions involved in the case were reserved for future disposition. And it was held that the judgment was incidental to the main cause, and the inquiry a collateral one having a distinct and independent bearing, which received a final decision. Here, however, the costs of which the sureties complain are not incidental or collateral to the main suit, or independent of it; but are the costs for which they were adjudged liable as the costs of the main action, and they constituted a part of the final decree itself.

To the proposition that the decree of May 25, 1898, and not any subsequent order, such as refusing to retax the costs and quashing the fee bill, was the one which fixed the liability of the sureties, cases directly in point are *Prescott v. Railroad Co.*, 84 Fed., 213; *Fowler v. Hamill*, 139 U. S., 549; *Snell et al., v Dwight*, 121 Mass., 348, 349.

Even if it be conceded, which is not decided, that the sureties separate from their principal, might have had a review of the judgment fixing their liability by observing the practice applicable thereto, it is manifestly plain that the only judgment which fixed it is the one of May 25, 1898. From this they have not attempted to appeal, and do not claim that they took the necessary steps, under the statute, to have it thus reviewed.

The appeal must, therefore, be dismissed.

*Appeal dismissed.*