[No. 4662.]

(*In re* Emanuel's Estate.)

EMANUEL v. FIELDING.

**Appellate Practice—Judgments—Estates of Decedents.**

An order of the county court denying a petition to vacate a judgment allowing a claim against an estate is not such final judgment as will support an appeal or writ of error.

*Appeal from the County Court of the City and County of Denver.*

Mr. JOHN T. BOTTOM and Mr. E. H. KELLEY, for appellant.

Messrs. WALDRON & THOMPSON, for appellee.

*Per Curiam.*—In the course of the administration of this estate, the county court entered a judgment against it upon a claim of over $23,000. The appellant herein, the widow of the deceased, thereafter filed a petition in the same court to have the judgment of allowance vacated. The court denied the petition, and petitioner appealed from the order refusing to set aside the judgment. Appellee moves to dismiss the appeal upon the ground that an appeal will not, in any event, lie to this court, even if the order sought to be reviewed is an appealable order, and upon the further ground that such an order is not, in any sense, a final judgment which can be reviewed either by appeal or writ of error.

An examination of the record shows that the appeal is not taken to the final judgment allowing the claim, but, as appellee says, merely to the order denying the application made in the same court in the same matter to set aside that final judgment. Such an order is not a final judgment which, under our practice, can be reviewed either by appeal or writ of error in an appellate tribunal. In *Green et al. v. Thatcher et al.,* decided at this term, *ante,* p. 363, precisely the same question was before us, and it was held that such an order as the one herein sought to be reviewed was not a final judgment. The reasons for that conclusion there given need not be repeated here.

The motion is well taken and the appeal must be dismissed.     *Appeal dismissed.*