[No. 2340.]

## VAN BUSKIRK V. BALCH.

1. **Appellate Practice—Final Judgment—Motion to Retax Costs —Jurisdiction.**

Judicial proceedings subsequent to final judgment may be reviewed only in connection with the judgment. An appeal will not lie from an order made upon a motion to retax costs.

2. **Appellate Practice—Final Judgment—Time—Dismissal.**

An appeal must be dismissed if not prayed for within five days from the rendition of judgment.

3. **Appellate Practice—Bill of Exceptions—Motion to Retax Costs.**

An order on a motion to retax costs will not be reviewed where the affidavits in support of and against the motion are not presented in the bill of exceptions.

*Appeal from the County Court of Otero County.*

Mr. R. S. Beall and Mr. Thomas R. Hoffmire, for appellant.

Mr. Carle Whitehead and Messrs. Knapp & Wallace, for appellee.

Gunter, J.

After trial to the court appellee had judgment against appellant December 18, 1899, for $87.20 and costs. No appeal was prayed from this judgment.

February 3, 1900, during the same term of court, appellant filed his motion to retax the costs; February 28 appellant filed his affidavit in support of this motion, and on the same date appellee his affidavit in resistance. March 3, 1900—still of the preceding December term—the court ruled upon this motion sustaining it in part. From this order appellant prayed, and was allowed, an appeal.

Appellant admitted, upon trial, his indebtedness to appellee in the amount for which judgment was rendered, and in support of his motion to retax the costs, urged a tender of this sum before trial. It is not necessary for us to consider this question of tender; we are without jurisdiction of the judgment appealed from; that is, the order made upon the motion to retax the costs, either upon appeal or error. Judicial proceedings subsequent to judgment may be reviewed only in connection with the latter.—Mills' Ann. Code, sec. 398; *Schmidt v. Dryer*, 21 Colo. 100, 39 Pac. 1086; *Green et al. v. Thatcher*, 31 Colo. 363, 72 Pac. 1078; *In re Emmanuel's Estate*, 31 Colo. 440, 72 Pac. 1079; *Staples et al. v. Barclay*, 30 Colo. 428, 71 Pac. 375.

Should it be said the appeal prayed March 3, 1900, was from the judgment in the main action, which, according to the record, it was not, we should

have to dismiss the appeal because not prayed within five days from the rendition of the judgment.—Mills' Ann. Code, sec. 388; *Roseberry v. Valley Building and Loan Assn.,* 17 Colo. App. 448, 68 Pac. 1067; *Best v. R. M. Nat. Bank,* 31 Colo. 474, 73 Pac. 845.

Should the case be retained, either on error or appeal, we should have to affirm it because the affidavits in support and resistance of the motion to retax the costs are not in the bill of exceptions.—*Carnahan v. Connolly,* 17 Colo. App. 98, 68 Pac. 836; *Rudolph v. Smith,* 18 Colo. App. 496, 72 Pac. 817.

Because this court is without jurisdiction to entertain this appeal, the same will be dismissed.

*Dismissed.*