[No. 5737.]

THE FIRST NATIONAL BANK OF DENVER v. FOLLETT.

1. Costs—Taxation—Construction of Order—An order made upon a motion to retax costs was construed as an adjudication of the propriety of the sheriff's bill then on file, including payments made by him to his predecessor, though there was no specific direction that the items should be taxed as costs.—(456)

2. Judgment—How Far Conclusive—Proceedings subsequent to final judgment are reviewable only in connection with such judgment. Affirmation of the final judgment concludes the parties as to such subsequent proceedings, though not then assigned error.—(457)

*Appeal from Denver District Court*—Hon. PETER L. PALMER, Judge.

Mr. CHARLES J. HUGHES, for appellant.

Messrs. MULLER & SUMMERFIELD, for appellee.

The First National Bank of Denver commenced an action in attachment against A. L. Deane & Company under which a stock of goods and other personal property was levied upon and seized by the sheriff. Mrs. Follett intervened, claiming that the property attached belonged to her. A trial of the case resulted in a judgment in favor of the intervenor, to the effect that she was the owner of the property attached, entitled to the possession thereof, and the sheriff was ordered to turn it over to her. From this judgment the bank appealed to the supreme court. The appeal was dismissed for want of jurisdiction—27 Colo. 512. A writ of error was then sued out by the bank from the court of appeals, where the judgment was affirmed—20 Col. App. 372. A *remittitur* issued from the court of appeals, and after it was filed in the trial court, Mrs. Follett, through her counsel, requested the clerk to issue an execution or fee-bill for the costs in her favor. This request was refused. Thereupon she filed a motion to compel the issuance of a fee-bill for the costs which she claimed to be entitled to recover in the sum of $2,229.35, setting out in her motion that these costs had been duly reported by the sheriff, allowed by the court, and taxed by the clerk, and that the judgment in the case had been affirmed by the court of appeals; and further, that the clerk had refused to issue a fee-bill. Such proceedings were then had that the bank was made a party and appeared and filed its objection and protest against the allowance of the motion for reasons therein assigned, and also objected specifically to items of the accounts of the sheriff and clerk which formed the basis of the costs which Mrs. Follett claimed to be entitled to recover from the plaintiff. On the hearing of this matter it was ordered that Mrs. Follett "do have and recover from the bank the sum of two thousand one hundred

and eighty dollars and twenty-five cents ($2,180.25), together with her costs in this behalf laid out and expended, to be taxed, and that she have execution therefor.'' From this judgment the bank has appealed.

During the pendency of the case in the court of appeals and before that tribunal rendered judgment, the record discloses the following proceedings in the court below:  The bank filed a petition for an order upon former sheriff Burchinell to deliver to the then sheriff the money and effects then in his hands, received by him in the attachment proceedings.  In response to this petition the ex-sheriff filed a report of the money so received under his administration, and also his expenditures, and asked to be dismissed, for the reason the case was still pending, and that he was entitled to retain the proceeds until its final determination.  His report was itemized and among the expenditures it appeared that he had paid out sums for custodian, rent, light, drayage, insurance, $161.65 on the Sheriff Webb account, and other items. Webb was the sheriff in whose hands the attachment was first placed.  The order of the court was that the report be received.  Shortly afterwards, the bank filed a motion to disallow and retax certain items of cost, as returned by Burchinell in his report, and specifically objected to certain items, among which was the item of $161.65 paid out on account of ex-Sheriff Webb's account.  A hearing was had on this motion, and items aggregating between sixty and seventy dollars disallowed, but the report in all other respects, as to expenditures and fees in the taking and preservation of the property seized under the attachment, was approved.  At the time of this hearing the return of ex-Sheriff Webb on the attachment was on file, and was introduced in evidence.  His return exhibited the amount received in cash, and the

expenses incurred by him in executing the writ, including custodian fees in the sum of $440.00. The difference between the cash received and such expenditures was $161.65 in favor of Webb, which is the item in that sum appearing in the Burchinell report. Sheriff Burchinell paid into the registry of the court the balance in his hands, as shown by his report as approved, and an order was entered that he be discharged from all liability with respect to the attachment, and that he go hence without day. Thereafter an order directing the clerk to pay a balance due for storage of the property attached was entered, to which the bank assented. Later, on its application, the clerk was directed to pay the taxes then due on the attached property.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The statute provides that a sheriff, in addition to the fees prescribed, shall be allowed his actual expenses incurred in executing a writ of attachment, and also for custodian fees not exceeding $2.50 per day of twelve hours.—§§ 1898-1898a, 3 Mills' Stats., Revised Supplement. Counsel for appellant contend that there must be a formal order of court taxing items as costs which are not specifically provided for by the statute, and claims it appears from the record that the items to which he objects, the amount of which is not specifically fixed by statute, were never allowed by the court, or ordered taxed as costs.

The record shows that the items of which the appellant complains were allowed by the court. The purpose of the motion filed by the bank to retax and disallow certain items mentioned in the report of Sheriff Burchinell, was to determine whether or not they were correct in amount, and legally chargeable as costs. The return of ex-Sheriff Webb was then

on file, was considered in evidence at the hearing, embraced items to which objections were filed by reason of the objection to the item in the account and which he had paid for the purpose of liquidating the balance due Webb, and necessarily the correctness of this item could not be ascertained except by going over the Webb accounts and ascertaining what balance, according to the return he made, was due him. After the elimination of some minor items, the report of Sheriff Burchinell was approved, by which it was determined that the items of expenditure and charges were correct except as to those not allowed. The amount of the allowance embraces all items with respect to sheriff's fees and charges, of which the plaintiff complains. The order of allowance does not state that the items were to be taxed as costs, but the hearing was for the express purpose of determining what items in the sheriff's report should be allowed, and the effect was to tax those allowed as costs in the case. The other items of which the bank complains were ordered to be paid by the clerk out of funds in his hands which had been turned over to him from the sale of the attached property. Evidently such orders could only have been made upon the theory that they were expenses or costs incurred in the case.

Such was the status of the judgment in so far as costs were involved at the time the case was pending in the court of appeals. If plaintiff was dissatisfied with the orders respecting costs, it could have had them brought to the attention of the court of appeals before it pronounced judgment under the provisions of secs. 78 and 398 of the Civil Code, and the correctness of the orders determined.—*Schmidt v. Dryer,* 21 Colo. 100; *Joralmon v. McPhee,* 29 Colo. 135.

Having failed to do so, it not only waived its right to be thereafter heard on that question, but the

judgment of the court of appeals, affirming the judgment of the trial court, affirmed all matters of record in the case in that tribunal, as well as in the court below, and hence, in the circumstances, affirmed the orders fixing costs.—*Staples v. Barclay,* 30 Colo. 428; *Smith v. Shaffer,* 50 Md. 132; *Whitney v. Teichfuss,* 11 Colo. 555. The bank was, therefore, precluded from having the orders allowing costs reviewed either in the court below or here.

It is urged on behalf of the bank that the motion of the intervenor for an order on the clerk to issue a fee-bill was not the proper remedy, and that the judgment is not responsive to the motion. Judicial proceedings subsequent to final judgment can only be reviewed in connection with a review of the latter.— *Green v. Thatcher,* 31 Colo. 363.

In as much as the bank was not entitled to have the order for costs reviewed, it follows, as of course, that the errors of which it complains are not before us for consideration.

The appeal is dismissed.          *Dismissed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.