[No. 6920.]

## SHULL v. SHULL.

PRACTICE IN SUPREME COURT—*Review of Proceedings Subsequent to Judgment*—Proceedings subsequent to judgment will be reviewed only as an incident to, and in connection with, such final judgment. Where error is assigned only upon the denial of a motion to vacate the final judgment given in the court below, the writ of error will on motion be dismissed without prejudice —(171).

Such assignment impliedly concedes that the judgment was a proper one; therefore no error can have been committed in denying the motion to vacate it—(172).

*Error to Logan County Court.*—HON. JNO. W. LAN-DRUM, Judge.

Mr. QUITMAN BROWN, for plaintiff in error.

Messrs. McCONLEY & HINKLEY, for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

The only error assigned is based upon the action of the court in denying the motion of plaintiff in error to vacate the judgment on the ground of surprise.

Defendant in error has interposed a motion to dismiss the writ of error for the reason, *inter alia,* that it is not prosecuted to review a final judgment.

While the writ of error brings up for review the whole record, and under §§ 84 and 433, Code of Civil Procedure, R. S. 1908, judicial proceedings in the trial court subsequent to the final judgment, may be reviewed by this court in like manner and with like effect, as matters occurring prior thereto, nevertheless, if no assignment of error is made as to the entry of the final judgment, the writ of error is not to the final judgment. As said in *Schmidt v. Dreyer, et al.,* 21 Colo. 100, 101: "Proceedings subsequent to final judgment may be reviewed here not upon a writ of error taken to the order in which subsequent proceedings culminated, but upon a writ of error to the final judgment theretofore rendered, and as an incident to, and in connection with, a review of the final judgment, and 'in like manner and with like effect, as matters occurring prior thereto.'"

This writ of error does not seek to review the judgment entered, but only the action of the court as to a matter incident thereto. An order made, refusing a new

trial on application to vacate a judgment, is not a final judgment to which a writ of error lies.—*Lipe v. Fox et al.*, 21 Colo. 140.

If the rendition and entry of judgment by the trial court was not erroneous and to the prejudice of plaintiff in error, (and upon the action of the court in that respect he has not assigned error), it is inconceivable that the latter was prejudiced by the action of the court in refusing to set the judgment aside, and grant a new trial, (upon which action alone he has assigned error). Moreover, neither the bill of exceptions nor the transcript of the record is authenticated as required by law. Upon the insufficient record before us, we must dismiss this proceeding, which is done, without prejudice to the prosecution of another writ of error.        *Writ dismissed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.