## No. 11,115.

### MILLER v. BUYER.

Decided June 1, 1925.

On motion to dismiss writ of error.

### *Writ Dismissed.*

1. APPEAL AND ERROR—*Final Judgment.* An order dismissing a motion to set aside a final judgment, is not a final judgment subject to review as such by writ of error.

2. *Orders Subsequent to Judgment—Review.* A proceeding or order subsequent to final judgment may be reviewed, not by writ of error to the order in which such subsequent proceeding culminated, but only by writ of error to the preceding final judgment itself, and in connection with the review thereof.

3. *Dismissal.* Motion to dismiss writ of error on the ground that it was not sued out within the statutory time, being seasonably interposed, will be granted.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. JOHN T. BOTTOM, for plaintiff in error.

Mr. R. D. THOMPSON, Mr. I. S. SMITH, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

DEFENDANT in error Buyer seasonably filed his motion to dismiss this writ of error. Several different grounds are relied upon. Of these all but one are disregarded without expression of opinion as to their merits, in view of our conclusion that the writ must be dismissed upon the one ground that it was improperly issued.

The final judgment in this case dismissing the plaintiff Miller's action was rendered November 16, 1920. No writ of error has ever been sued out to review it. May 16, 1924, three years and six months after its rendition, Miller, the plaintiff in this action, filed his motion, supported by affidavits, for an order vacating and setting it aside. June 20, 1924, the defendant Buyer filed his motion, supported by affidavits, to strike from the files the plaintiff's motion to vocate and set aside the dismissal order. August 11, 1924, defendant's motion was sustained, which of course, left the final judgment in full force. To review this order entered in the supplemental proceeding striking plaintiff's motion to set aside the final judgment, this writ of error was sued out and is being prosecuted.

If the striking order was a final judgment in the case, this writ of error thereto would be in time under rule 18 of this court. Speaking generally, and so far as concerns this cause it is an accurate statement, there is only one final judgment in a cause. Under all the definitions the order dismissing the action was the final and only final judgment here, and it was rendered November 16, 1920. Not only has there been no attempt to review or set it aside within the limitation period prescribed by statute or rule of court, but there has been no attempt whatever at any time to have it reviewed. The writ of error before us is to the August 11, 1924 order, which, by striking from the files plaintiff's motion to set aside the final judgment

of dismissal rendered November 16, 1920, is equivalent to, and in legal effect is, a denial of plaintiff's motion to vacate. That such subsequent order in the case entered in a supplemental proceeding therein is not a final judgment, subject to review as such by writ of error, has been settled by repeated decisions of this court. In *Polk v. Butterfield*, 9 Colo. 325, 12 Pac. 216, it was held that a decision overruling the motion of the plaintiff in error to vacate the judgment in the court below cannot be reviewed by writ of error. In *Hughes v. Felton*, 11 Colo. 489, 490, 19 Pac. 444, such an order is said to be in no sense a final judgment or decree.

In *Schmidt v. Dreyer*, 21 Colo. 100, 39 Pac. 1086, we said that a proceeding or order subsequent to final judgment may be reviewed, not by writ of error to the order in which such subsequent proceeding culminated, but only by a writ of error to the preceding final judgment itself, and in connection with the review of that final judgment. Our statutes relating to this subject are now the same as they were when the Dreyer Case was decided. See also: *Shull v. Shull*, 52 Colo. 170, 120 Pac. 157; *Emanuel v. Fielding*, 31 Colo. 440, 72 Pac. 1079; *Dickinson v. Dickinson*, 46 Colo 351, 104 Pac. 414; *Van Buskirk v. Balch*, 19 Colo. App. 292, 74 Pac. 792.

Our attention has not been called to any decision of the court or any statute that changes the law announced in these cases. The plaintiff in error has not attempted to have the final judgment of November 16, 1920 reviewed. Indeed, the time therefor had long passed when he filed his motion to vacate. He seeks, however, to accomplish a review of the final judgment, contrary to the doctrine of this court, by suing out a writ of error to a nonfinal order in a subsequent proceeding in the same case. In other words, though the writ of error here is to a nonreviewable order entered in the same case in a proceeding therein subsequent to final judgment, plaintiff in error asks to have therein the preceding final judgment itself reviewed after the statutory time for a writ of error thereto has

elapsed. That cannot be done. Though a subsequent order entered in a case in a proceeding therein subsequent to final judgment may be reviewed, in the manner already indicated, it may not be as attempted here. A review of the final judgment after the lapse of the limitation period cannot be had in a writ of error to the subsequent order, even if such subsequent order is reviewable.

If, however, by any process of reasoning, although we think no such conclusion could be reached by any possible construction, the present attempt of the plaintiff in error constitutes or was intended to be a writ of error to the final judgment of November 16, 1920, the writ will not lie because it is barred by the one year limitation prescribed by rule of court. The defendant's motion to the writ having been seasonably interposed, the same must be granted. *Harrington v. Harrington,* 58 Colo. 154, 160 144 Pac. 20; *Rudolph v. Rudolph,* 50 Colo. 243, 114 Pac. 977.

Writ of error dismissed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.