## No. 11,569.

### Scott *v.* Woodhams, et al.

Decided May 24, 1926.

On motion to dismiss writ of error.

*Writ Dismissed.*

1. **Judgment—***Motion—Review.* The pendency of a motion to vacate or modify a judgment or order, does not relieve one of the statutory requirement to appeal within the prescribed time.

2.     *Motion to Vacate—Review.* An order, denying a motion to set aside a modification of a final judgment, may not be reviewed on writ of error because it is not a final judgment, but a proceeding subsequent to final judgment.

3. **Appeal and Error—***Writ of Error—Limitation.* A final judgment may not be reviewed on a writ of error sued out more than one year after the entry of the judgment.

4. **Judgment—***Final.* No particular form of words is necessary to constitute a judgment. In the instant case the judgment is reviewed and held to be final.

5.     *Execution.* A judgment need not order execution.

6. **Execution—***Order.* The authorizing of an execution after judgment, is not an amendment of the judgment. The judgment creditor is entitled to it without such an order.

7. **Judgment—***Money.* A judgment directing restitution of money is a judgment for a ''sum of money'' as that phrase is used in section 5898, C. L. '21.

8.     *Final—Execution.* Execution is only awarded on final judgments.

*Error to the District Court of Sedgwick County, Hon.*
*H. E. Munson, Judge.*

Mr. H. N. Marshall, for plaintiff in error.

Messrs. Rolfson & Hendricks, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THE defendants in error have filed a motion to dismiss the writ of error upon the ground that the same has been brought too late, and in violation of our rule 18 which provides: "A writ of error shall not be brought after the expiration of one year from the rendition of the judgment complained of."

On May 29, 1924, the plaintiff in error, Dora Scott, obtained a judgment for $7,064.62 against the defendants in error W. H. Woodhams and Hattie Woodhams, and also obtained a foreclosure of a mortgage. The judgment further provided that if the money arising from the sale under the foreclosure shall be insufficient to pay the amount above named, then upon the return of the sheriff, showing such deficiency and the amount thereof, the clerk of the court shall docket a deficiency judgment. The sheriff's return to the order of sale shows a deficiency of $294.62. The record shows a satisfaction of the deficiency judgment.

On October 25, 1924, on motion of defendants Woodhams and Woodhams, the judgment of May 29, 1924, was modified in that the deficiency judgment for $296.87, being the $294.62 above mentioned, with interest and costs, was vacated and set aside, and the assignee of Dora Scott, plaintiff, was ordered to refund to defendants the sum of $254.

On November 29, 1924, the plaintiff below filed a motion to set aside and rescind the order of October 25, 1924, and this motion was denied on June 2, 1925.

The writ of error was brought by plaintiff in April, 1926, which was within one year from June 2, 1925, the date of the overruling of plaintiff's motion to vacate the order of October 25, 1924, but was not within one year from the date of the order last above named.

The plaintiff in error cannot, for reasons hereinafter stated, fix June 2, 1925, the date of the overruling of his motion to vacate the order amending the judgment, as the time when the one-year limitation begins to run. The rule is that the pendency of a motion to vacate or modify a judgment or order does not relieve one from the statutory requirement to appeal within the prescribed time. 3 C. J. 1054; *Denver County Court v. Eagle Rock Co.,* 50 Colo. 365, 115 Pac. 706. In *Polk v. Butterfield,* 9 Colo. 325, 12 Pac. 216, approved in *Miller v. Buyer,* 77 Colo. 329, 236 Pac. 990, it was held that a decision overruling the motion of plaintiff in error to vacate the judgment in the court below, cannot be reviewed by writ of error. Thus, in the instant case, the plaintiff in error cannot have reviewed the order of June 2, 1925, refusing to vacate the order of October 25, 1924, because it (the order of June 2, 1925) is not a final judgment, but is a proceeding subsequent to a final judgment. *Shull v. Shull,* 52 Colo. 170, 120 Pac. 157. Such subsequent order is not a final judgment, subject to review as such. *Miller v. Buyer, supra.* In this case the final judgment, subject to review if writ of error is sued out in time, is the order of October 25, 1924, and plaintiff in error cannot have it reviewed because his writ of error was sued out more than a year thereafter.

In resisting the motion to dismiss the writ of error, plaintiff in error contends that the order of October 25, 1924, was not a final judgment, but was a decision and finding only. With this contention we cannot agree. The following language therein makes it a final judgment:

"* * * And it is hereby ordered, adjudged and decreed by the court that the deficiency judgment heretofore entered in the above styled cause, in the sum of $296.87, be, and the same is hereby vacated, set aside and held for naught.

"It is further ordered, adjudged and decreed by the court that the decree heretofore entered on, towit, the

29th day of May, 1924, be and the same is hereby modified as to the amount due the plaintiff under the said decree on said date to be the sum of $6764.58, instead of $7064.62, as same appears in said decree.

"It is further ordered, adjudged and decreed that the said plaintiff, Dora Scott, and the said H. N. Marshall, assignee, shall forthwith refund to the said W. H. Woodhams the said sum of $254.00, together with interest at the rate of 8% per annum from the 7th day of August, 1924, to the date of payment."

No particular form of words is necessary to constitute a judgment. *Little Pittsburg Cons. Min. Co. v. Little Chief Cons. Min. Co.*, 11 Colo. 223, 17 Pac. 760, 7 Am. St. Rep. 226. The cases cited by plaintiff in error are readily distinguishable from the instant case. Thus in *McKnight v. Ballif*, 45 Colo. 138, 100 Pac. 433, the record recited "and judgment in the sum of, (etc.)  *  *  * was rendered." In *Scott v. People*, 64 Colo. 396, 172 Pac. 9, 3 A. L. R. 176, the court ordered that judgment "be entered" and that the entry be stayed until the expiration of time for filing a motion for new trial. In that case we said, quoting section 221 Mills Ann. Code (section 241, Code of 1921), that a judgment is "the final determination of the rights of the parties in the action." In the instant case the order of October 25, 1924, is such judgment.

It is suggested that the order of October 25, 1924, was not final because no order for execution was asked or granted at that time. But a judgment need not order execution. 33 C. J. 1211.

It was not until June 2, 1925, that defendants asked for an order for execution, and the court then gave it. But authorizing an execution was not an amendment of the judgment. The defendants were entitled to an execution without such order, section 5898, C. L. 1921, providing that property shall be liable to be sold on execution to satisfy a judgment for any debt "or any other sum of

money." A judgment, as in this case, directing the restitution of money, is a judgment for a sum of money, within the meaning of the execution statute.

It may be added, also, that since the trial court awarded execution to satisfy the order of October 25, 1924, it must have intended that order to be a final judgment, since execution is awarded only upon final judgment. *Hoehne v. Trugillo,* 1 Colo. 161, 91 Am. Dec. 703.

For reasons above indicated, the final judgment in this case was rendered on October 25, 1924, which was more than a year before the writ of error was sued out. Under our rule 18, therefore, the writ ought to be, and is, accordingly dismissed.

Mr. Justice Denison and Mr. Justice Whitford concur.