522 P.2d 113 (1974)
A. Therese JANICEK et al., Plaintiffs-Appellees,
v.
Gay M. HINNEN and Donald J. Hinnen, Defendants-Appellants.
No. 73-148.
Colorado Court of Appeals, Div. II.
May 7, 1974.
*114 Clark, Martin & Pringle, James A. Clark, Denver, for plaintiffs-appellees.
Bruce & Sandblom, James M. Bruce, Denver, for defendants-appellants.
Selected for Official Publication.
ENOCH, Judge.
Gay and Donald Hinnen, defendants, appeal from a post-judgment order of the trial court which assessed them $332 for plaintiffs' costs. We reverse.
Plaintiffs filed a negligence action against defendants for damages resulting from an automobile accident. Approximately nine months before trial, defendants served plaintiffs with an offer of judgment in the amount of $2,000 plus costs then accrued. Plaintiffs did not accept the offer. Trial was held before a jury, which returned a verdict in the amount of $535 in favor of plaintiffs. On October 19, 1972, the trial court entered judgment for that amount, "plus interest from the date of filing the Complaint, plus costs." Neither party appealed the judgment.
On January 8, 1973, defendants filed a motion pursuant to C.R.C.P. 68 to assess against plaintiffs, costs incurred by defendants subsequent to service of the offer of judgment. Plaintiffs also filed a motion for their total costs ($332). On January 16, the court denied defendants' motion *115 and granted plaintiffs all of their costs. Defendants filed a motion to alter or amend judgment on January 26, which motion alleged that the court erred in ruling on the parties' motions for costs. On April 3, after a hearing, the trial court denied defendants' motion to alter or amend judgment. Notice of appeal was filed on April 20.
C.R.C.P. 68 provides in part:
"At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."
On appeal defendants contend that, under the rule, (1) defendants' costs subsequent to the offer should have been assessed against plaintiffs, and (2) plaintiffs are entitled to recover as costs only $61, the amount expended prior to defendants' offer of judgment. Plaintiffs allege that the appeal was not timely filed. Because different considerations must be taken into account under the facts of this case in determining the rights of defendants and plaintiffs to recover costs, we shall consider each claim separately.

I.
The judgment of the court deciding the merits of the controversy included a determination that defendants should pay plaintiffs' costs, but the dollar amount of allowable costs remained to be decided at a later date. On its face, the judgment does not contain any provision for affirmative recovery of costs by defendants. Defendants did not timely move to alter or amend the judgment or otherwise call to the court's attention that costs were to be apportioned between plaintiffs and defendants in accordance with C.R.C.P. 68.
Except in special circumstances, this court has no power to review a judgment if the parties do not preserve their right to appeal by filing a motion for new trial or a motion to alter or amend the judgment. C.R.C.P. 59(f); Niles v. Shinkle, 119 Colo. 458, 204 P.2d 1077. Except as set forth in C.R.C.P. 60(a), absent such a motion a trial court has no power, for example, to award interest on a judgment which made no provision for interest. National Farmers Union Life Insurance Co. v. Norwood, 147 Colo. 283, 363 P.2d 681; Green v. Hoffman, 126 Colo. 104, 251 P.2d 933. Therefore, we cannot entertain defendants' claim that they are entitled to recover costs incurred subsequent to the date the offer of judgment was made. By not attacking the judgment properly under C. R.C.P. 59, defendants lost their right to appellate review of both the merits of the case and the determination of defendants' right to recover costs. See Grange Mutual Fire Insurance Co. v. Golden Gas Co., 133 Colo. 537, 298 P.2d 950; Staples v. Barclay, 30 Colo. 428, 71 P. 374.

II.
However, defendants are not precluded from challenging the dollar amount of costs awarded to plaintiffs pursuant to the judgment. Several early Colorado cases, which held that judicial proceedings subsequent to judgment may be reviewed only in connection with the judgment, appear to preclude any appeal which does not challenge the judgment. See Miller v. Buyer, 77 Colo. 329, 236 P. 990; Shull v. Shull, 52 Colo. 170, 120 P. 157; Van Buskirk v. Balch, 19 Colo.App. 292, 74 P. 792. However, all of these cases were decided under rules of procedure which are no longer applicable. The current rules of civil and appellate procedure do not mention proceedings subsequent to judgment.
In the absence of a controlling rule or statute, the modern common law rule is that an appeal does not lie from an order assessing costs after judgment, unless the *116 question presented concerns the power of the court to act in awarding a particular item as costs. Twentieth Century Fox Films Corp. v. Goldwyn, 328 F.2d 190 (9th Cir.); Intertype Corp. v. Clark-Congress Corp., 249 F.2d 626 (7th Cir.); Adams v. Silfen, 342 Ill.App. 415, 96 N.E.2d 628; Waldo v. Wilson, 177 N.C. 461, 100 S.E. 182.
The reason for the exception is clear. Ancillary proceedings to determine costs, after judgment has been entered, involve issues quite separate from the merits of the original action. If an appeal were not permitted, the litigants would be deprived of their right to a review of the trial court's order affecting recovery of costs authorized by statutes or rules. In this case defendants' second claim challenges the power of the court to award to plaintiffs costs in excess of those permitted by C.R.C.P. 68. The trial court's order of costs is therefore reviewable on that issue. See Hays v. Denver, 127 Colo. 154, 254 P. 2d 860; cf. Miller v. Miller, 129 Colo. 462, 271 P.2d 411; Davidson v. Jennings, 27 Colo. 187, 60 P. 354.
The final question to be resolved on the issue of appealability is whether defendants' appeal was timely filed. As we noted above, the judgment entered in this case awarded costs to plaintiffs, but left undecided the exact amount of allowable costs. No Colorado rule prescribes a time period within which a bill of costs must be filed in the trial court by the prevailing party. In practice, the exact amount of allowable costs is frequently determined after the expiration of the 10-day period within which motions challenging the judgment must be filed. In those circumstances a party has no opportunity to contest the allowance of particular items as costs within the period of time prescribed by the rules. In addition, the exact amount of costs does not appear on the face of the judgment in such cases, and a motion to alter or amend the judgment would be an inappropriate method of preserving challenges to the itemization of costs. It should be noted, however, that where the dollar amount of costs is included in the judgment entered on the merits of the action, appropriate motions challenging the judgment under C.R.C.P. 59 would be required to preserve a right to appeal any issue relating to costs. See Van Buskirk v. Balch, supra.
In the case at hand, defendants filed a "motion to alter or amend judgment" within 10 days of the court's ruling on the amount of allowable costs. Although the motion's designation was technically erroneous, since they were petitioning for rehearing on the costs order rather than the judgment, the motion sufficiently alleged the error of law defendants have raised on appeal. The court denied defendants' motion, and they timely filed a notice of appeal. Unlike the defendants in Hughes v. Worth, 162 Colo. 429, 427 P.2d 327, the defendants in this case made an appropriate effort to call the trial court's attention to their claim that plaintiffs' costs should be assessed in accordance with C.R.C.P. 68. We hold, therefore, that the appeal is timely.

III.
The record shows that defendants' offer of judgment was served on plaintiffs more than 10 days before the trial began; that the judgment obtained by plaintiffs was less favorable than the offer; and that plaintiffs' costs prior to the date of the offer amounted to $61. Under C.R.C. P. 68, plaintiffs are entitled to recover only $61. The salutary purpose of the rule  to encourage acceptance of reasonable offers of judgment  would be thwarted if plaintiffs were allowed to recover costs in excess of those permitted by the rule.
The order of the trial court is set aside and the cause remanded with directions to enter an order awarding plaintiffs $61 costs.
SILVERSTEIN, C. J., and COYTE, J., concur.