**Lance David SEYMOUR, Plaintiff–Appellant,**

v.

**Jean Ann TRAVIS, Defendant–Appellee.**

No. 86CA1596.

Colorado Court of Appeals, Div. II.

April 21, 1988.

Kenneth Dresner, Colorado Springs, for plaintiff-appellant.

Rector, Retherford, Mullen & Johnson, Neil C. Bruce, Patrick R. Salt, Colorado Springs, for defendant-appellee.

PLANK, Judge.

Plaintiff, Lance David Seymour, appeals an amendment of judgment reducing his costs from $9,827.26 to $152.11 and awarding defendant, Jean Ann Travis, $547.60 in costs. We affirm.

Seymour filed a negligence action against Travis for damages resulting from an automobile accident. Six weeks before trial, Travis served Seymour with an offer of judgment for $12,500. A jury returned a verdict for Seymour for $8,000 and judgment was entered on the verdict.

At the time of judgment, Travis' counsel advised the court of the offer of judgment. Since the court did not know the amount of Seymour's allowable costs, it was unable to determine whether the judgment and costs exceeded the offer of judgment. Accordingly, the court expressly reserved the matter of costs for a future hearing.

Pursuant to C.R.C.P. 121 § 1–22, Seymour filed a petition for award of costs. However, he did not set it for a hearing. Instead, he proceeded under C.R.C.P. 54(d).

The petition sought $9,827.26 in costs, including $297.90 for depositions, $514.09 for visual aids and trial graphics, $686.18 for witness fees and travel, and $7,943.50 for expert witness fees. Unaware of the earlier court order, the clerk taxed the full amount as part of the judgment.

Travis subsequently received from Seymour a transcript of judgment indicating a total judgment of $20,379.80. Travis then filed a motion to correct judgment. She also submitted her bill of costs claiming that she was entitled to costs under C.R.C.P. 68 because the judgment was less than her offer of judgment. After a hearing, the court found that it had directed that costs would not be awarded as a matter of course pursuant to C.R.C.P. 54(d) and amended the judgment to award costs of $152.11 to plaintiff and $547.60 to defendant.

Relying on *Janicek v. Hinnen,* 34 Colo. App. 68, 522 P.2d 113 (1974), Seymour alleges error because Travis was allowed to challenge his bill of costs after the five days prescribed by C.R.C.P. 54(d) had lapsed. We disagree.

Here, the court recognized that it could not award costs without a hearing since it had to rule upon the costs allowable to Seymour in order to determine whether his costs plus the judgment exceeded the offer of the judgment. Absent this determination, the court would not be able to decide whether Travis should be awarded costs pursuant to C.R.C.P. 68 or whether Seymour would be entitled to them pursuant to C.R.C.P. 54 as the prevailing party. Accordingly, Seymour's attempt to have costs taxed by the clerk pursuant to C.R.C.P. 121 § 1-22 and C.R.C.P. 54(d) was ineffective because the court had directed that costs be determined in accordance with C.R.C.P. 68.

Seymour's reliance upon *Janicek* is misplaced. In *Janicek,* we held that costs subsequent to the offer of judgment could not be awarded to the defendants when they did not timely advise the court of the offer. Here, Travis informed the court of the offer immediately after the judgment was entered. Moreover, because of the prior offer of judgment, the court expressly directed that costs would not be awarded to Seymour as a matter of course until a hearing was held.

Seymour's argument that his judgment exceeded the offer of judgment is also without merit because his unawarded costs are not included in the calculation.

Finally, considering the trial court's reservation of a hearing on costs and our conclusion that defendant's motion was timely, we conclude that C.R.C.P. 59(j) does not apply.

Judgment affirmed.

SMITH and BABCOCK, JJ., concur.